**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Angel HERNANDEZ, Defendant-**
**Appellant.**

**No. 73–1823**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 30, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Francis P. Maher, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Robert Darden, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction for unlawfully, knowingly, and intentionally possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1970).[1] After accepting Hernandez's waiver of trial by jury, the district court conducted a bench trial and found him guilty of the aforementioned offense. We affirm.

On appeal, Hernandez challenges the sufficiency of the evidence to support a finding that he was in possession of the marijuana seized by special agents from a truck owned but not operated by him at the time of seizure. A careful review of the record impels us to conclude that there is no merit in his contention.

The evidence marshaled at trial, when viewed in a light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Arroyave, Posada & Barragan, 477 F.2d 157, 163 (5th Cir. 1973), supports the finding of constructive possession.[2] Approximately one week after his arrest, Hernandez confessed that he was to be paid $100 for the use of his pick-up truck and for his assistance in loading the marijuana.[3] At trial, Hernandez protested his innocence and explained that his decision to tender the confession was motivated by the hope of getting his bond lowered. Whether this explanation vitiated the import of the assistance he confessed to rendering was a factual question for the trial court. The district court, after assessing Hernandez's credibility, may have been unswayed by his explanation. Our only task is to determine whether the confession coupled with additional circumstantial evidence indicating Hernandez was within the vicinity of the situs where the marijuana was being loaded,[4] when

---

1. 21 U.S.C. § 841 (1970) provides as follows:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person to knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

2. It is beyond cavil that possession may be either constructive or actual, see, e. g., Montoya v. United States, 402 F.2d 847, 850 (5th Cir. 1968). The finding of the district court rested on the unarticulated assumption that Hernandez's possession in the instant case was constructive.

3. It is conceded that Hernandez had been fully apprised of his Miranda rights at the time when he offered the confession.

4. We need not decide whether, absent Hernandez's confession, the circumstantial evidence adduced at trial was sufficient to support a finding of constructive possession. This evidence established that Hernandez learned of the intended use of the truck after he had permitted Tito Patino to use it, the driver of the truck at the time of seizure. Hernandez claimed that from a wooded area adjacent to the crossing point on the Rio Grande he had observed the truck being loaded. He explained his presence there by the fact that while he had no ante-

viewed in a light most favorable to the government, supports a finding of constructive possession. We feel that it does.

For the reasons set forth above, we affirm the judgment of the district court.

Affirmed.

cedent knowledge that this was the place where his truck was to be loaded, he nevertheless had heard that this particular situs was the customary crossing point for loading marijuana. The testimony of Special Agent Joe Ewing that when Hernandez was apprehended, his clothes were soiled with mud, suggests that Hernandez had been near the river and not, as he maintained, in the wooded area. No one testified, however, that Hernandez had in fact assisted in loading the truck.

