UNITED STATES of America,
Plaintiff-Appellee,

v.

Faustino GARZA, Defendant-Appellant.

No. 75–3587.

United States Court of Appeals,
Fifth Circuit.

May 10, 1976.

Rehearing Denied June 18, 1976.

Tony Martinez, Brownsville, Tex. (Court appointed), for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

**310**

Before DYER and CLARK, Circuit Judges, and KRAFT,[*] District Judge.

KRAFT, District Judge:

Appellant, Faustino Garza, was charged in a two-count indictment with having (1) knowingly and intentionally imported from Mexico 1142 pounds of marihuana[1] and (2) knowingly and intentionally possessed, with intent to distribute, the same marihuana.[2] Appellant was acquitted of importation, but adjudged guilty of possession with intent to distribute.

Appellant makes three contentions: (1) that the evidence was insufficient; (2) that the trial judge erred in instructing the jury on the law of principals; (3) that the trial judge erred in refusing to declare a mistrial. Finding no merit in appellant's contentions we affirm.

On February 20, 1975, at about 9:45 P.M., a seismic-type sensor device was triggered, indicating that activity of some type was occurring in an isolated area near a flood levee on the United States side of the Rio Grande River in Texas. The sensor, located about 50 yards from the river, was installed there because the site was a known crossing point for traffickers in contraband. Any movement within a radius of twenty feet activated the device. Border Patrol Agent Spurlock (Spurlock), who was on "line watch" that evening, immediately began surveillance of the area. Sometime between 10:00 and 10:30 P.M. he discovered appellant, lying face down, approximately 50 yards from the levee on the south side, i. e., the side toward Mexico.

When appellant was apprehended, he had a loaded .22 magnum pistol in his right hand, one-half of a pair of binoculars in his left hand and a .38 pistol in his pocket. Though the night was quite warm, appellant wore, inter alia, an army fatigue jacket and a cap. A green vegetable matter, later identified as marihuana, was found in appellant's hair, on his cap and inside his jacket pockets—"he was covered with it."

Following the arrest Spurlock promptly began to "cut sign", i. e., to look for foot prints corresponding to the particular design of the appellant's footwear, in order to try to determine from where appellant had come. Following a definite track along a field, around which was sandy-type soil making tracks quite visible, back towards the river, Spurlock discovered a small opening trail going into the brush about 200 yards from the point where appellant had been discovered. Less than 10 feet into the brush at that point Spurlock found six burlap bags of marihuana. Continuing to "cut sign" in the direction of the river, he found five more burlap bags of marihuana in the brush just off the field road about 40 feet from the first cache. The bags of marihuana weighed about 100 pounds each. The tracks were fresh. A shoe print 24 inches from the brush line at the first marihuana cache was identified as having been made by appellant's left shoe.

When first apprehended appellant had sought to explain his presence at that site and hour by claiming that "an irrigator in that area had been beaten up and was a friend of his and that he was there to protect his friend." That proffered explanation was contradicted by the testimony of the co-worker and friend, who said he had not worked with appellant for three years and had not asked appellant to come down there and guard him after he was beaten up.

We conclude that the evidence marshalled at the trial, when viewed "in the light most favorable to the Government", *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942) goes well beyond mere presence and fully supports a finding of constructive possession. Constructive possession as well as actual possession of "controlled substances" is violative of 21 U.S.C. § 841(a). *United States v. Ferg,* (5 Cir. 1974) 504 F.2d 914, *United States v. Hernandez,* (5 Cir. 1973) 484 F.2d 86.

[*] Senior District Judge of the Eastern District of Pennsylvania, sitting by designation.

1. 21 U.S.C. § 952(a).

2. 21 U.S.C. § 841(a)(1).

The trial judge did not err in his instruction to the jury under 18 U.S.C. § 2(a).[3] From the evidence heretofore detailed it is clear that the jury could reasonably infer that the possession of the eleven bags of marihuana hidden in the brush in this secluded area, six deposited in one spot and five in another forty feet away, was shared with another or others. The quantity, 1142 pounds, indicated an intent to distribute. The marihuana residue found in appellant's hair, on his cap and his clothing and in his jacket pockets fairly supports the inference that he participated in carrying the burlap bags of marihuana to their concealed locations. The bags, weighing about 100 pounds each, required two panel trucks for removal. The presence of the appellant, lying prone in the darkness with gun in one hand and half of a pair of binoculars in the other, at the hour and place described, supports an inference that he was guarding the marihuana against intrusion pending the arrival of another or others to transport it to its ultimate destination. Neither actual nor constructive possession need be exclusive, but may be shared with others and the proof may be by circumstantial as well as by direct evidence. *United States v. Stephenson*, (5th Cir. 1973) 474 F.2d 1353, 1355.

Appellant's final complaint, that he was prejudiced by the statement of government's counsel, in closing argument, that appellant might be given probation and that the trial judge erred in denying his motion for mistrial, borders on the frivolous.

Appellant's counsel, in his argument to the jury closed with the plea: "This case is important to all of us. This man's liberty, his life, it is in your hands. We ask for your consideration."

Appellee's counsel, in response, argued: "Counsel for the defense would tell you that this man's liberty and his life are at stake. You are the sole judges, the triers of the facts, and you took an oath not to decide this case on sympathy, sentiment or prejudice. And because he wants to enter these into this case by saying his life is at stake, don't let that do it because you only decide the facts. The punishment in the federal system is done by the court. And he has a whole range of punishment. He can give him probation if he wants to. And his life certainly isn't at stake."

Though this statement, viewed in its entirety, scarcely prejudiced appellant, the trial judge, in an abundance of caution, immediately and later gave full, firm and adequate curative instructions.

Affirmed.

---

3. "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."