**Decided March 13, 1989**

664

IN THE UNITED STATES DISTRICT COU[...]
FOR THE
NORTHERN MARIANA ISLANDS

<u>APPELLATE DIVISION</u>

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | DCA NO. 87-0921 CTC NO. 87-139 |
| Plaintiff-Appellee, | ) ) | |
| vs. | ) ) | OPINION |
| JUAN M. DELOS SANTOS, | ) ) | |
| Defendant-Appellant. | ) ) ) | |

BEFORE: MUNSON, HILL,* District Judges and HEFNER,**
Designated Judge.

HEFNER, Designated Judge:

<u>PROCEDURAL HISTORY</u>

Defendant/appellant was charged with illegal possession of a handgun, possession of stolen property, possession and trafficking of marijuana, and escape. Defendant was tried by a jury on the first two counts and the presiding judge on the

---

* The Honorable Irving Hill, Senior Judge, United States District Court, Central District of California sitting by designation.

**The Honorable Robert A. Hefner, Chief Judge, Commonwealth Trial Court, sitting by designation. 48 U.S.C. § 1694(b).

latter two. The jury entered a verdict of not guilty of possession of stolen property and guilty of possession of a handgun. THe judge entered a verdict of guilty of possession and trafficking of marijuana and escape. Defendant appealed.

## FACTS

On June 19, 1987 police officers executed a search warrant on the residence of Juan M. Delos Santos. The residence, adjoining tool shed, outhouse and surrounding farm were searched. Inside the residence, police seized a photo album which contained various photographs and a photo negative. The negative was subsequently developed and showed defendant holding a handgun. In the tool shed police seized a .38 caliber Smith & Wesson revolver.

The officers found marijuana growing in different places on the farm. One hundred thirty-three plants were found near a path leading from defendant's residence. Other plants were found in and around the outhouse. Additionally, cigarette papers were seized from inside the residence.

Defendant was then arrested and taken to the police station. At the station, his handcuffs were removed and defendant ran out the door. He was later caught, rearrested for escape, and returned to custody.

At trial, a photographic reproduction of the negative seized from the residence showing defendant holding a handgun identified as a .38 Smith & Wesson revolver was admitted into evidence. Testimony was received from various witnesses that the residence was that of defendant. After testifying as to

**666**

the ownership of the residence, defendant's common-law wife was cross-examined as to the content of the photograph showing de.endant with a handgun.

During the course of the trial, one of the jurors was approached by defendant's mother and asked to "have mercy" on her son, the defendant. The juror brought this matter to the court's attention and defendant moved for a mistrial. After interviewing the jurors individually, the court determined that the jury had not been prejudiced by the event and denied defendant's motion. The court further admonished the jury not to consider defendant's mother's contact with the jury in arriving at their verdict.

At the conclusion of the evidence, the jury found defendant guilty of possession of a handgun and the judge found defendant guilty of possession and trafficking of marijuana and escape.

## ISSUES

1. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING INTO EVIDENCE A PHOTOGRAPH OF DEFENDANT HOLDING A GUN.

2. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING CROSS-EXAMINATION OF DEFENDANT'S WITNESS BEYOND THE SCOPE OF DIRECT EXAMINATION.

3. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION FOR A MISTRIAL AFTER A MEMBER OF THE JURY WAS APPROACHED BY DEFENDANT'S MOTHER.

4. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDING THAT DEFENDANT POSSESSED AND TRAFFICKED IN MARIJUANA.

**667**

5. WHETHER THE CNMI ESCAPE STATUTE VIOLATES THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT AS VAGUE AND OVERBROAD.

## STANDARD OF REVIEW

Evidentiary rulings of the trial court are reviewed for an abuse of discretion. People of Territory of Guam v. Ojeda, 758 F.2d 403, 407 (9th Cir. 1985).

Conclusions of law are reviewed by the appellate court de novo. United States v. Endicott, 803 F.2d 506, 508 (9th Cir. 1986).

## ANALYSIS

I. The Photograph.

Defendant maintains that the trial court's admission into evidence of a photograph made from a negative found in defendant's residence was an abuse of discretion because no witness was produced who could testify as to what is represented in the photograph.

Admissibility of photographs is discretionary, People of Territory of Guam v. Dela Rosa, 644 F.2d 1257, 1261 (9th Cir. 1980), and the trial court's decision to admit such evidence will not be overturned unless it abused its discretion, United States v. Kearney, 560 F.2d 1358, 1369 (9th Cir.) cert. denied 434 U.S. 971, 98 S.Ct. 522, 54 L.Ed.2d 460 (1977).

A. Authentication.

Evidence that photographs sought to be introduced accurately depicts the objects represented therein provide a sufficient foundation to admit such photographs into evidence.

668

United States v. Brannan, 616 F.2d 413, 416 (9th Cir. 1980). In order for photographs to be introduced into evidence, a foundation must be established sufficient to support a finding that the photographs are what the proponent claims them to be. United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978).

Proper authentication of a photograph requires that the government identify the scene contained in the photograph and its coordinates in time and place. Admissibility turns on these critical matters. United States v. Stearns, 550 F.2d 1167, 1171 (9th Cir. 1977). The contents of a photograph itself may serve to explain and authenticate a photograph sufficiently to justify its admission into evidence. Id.

Circumstantial evidence may be sufficient to support a finding that the photograph was what the government claimed it to be. Hightower v. State, 672 P.2d 671, 676 (Okl. Cr. 1983).

In the case at bar, there is sufficient evidence, albeit circumstantial, to support the trial court's finding that the photograph depicts defendant holding the .38 revolver which was seized from the tool shed. The photograph in issue was obtained from a negative found in a photo album in defendant's residence. The time and place the picture was taken were discernible as the negative was among a set taken at the defendant's farm after Typhoon Kim in December, 1986. The person pictured in the photo was identified as the defendant by his common-law wife and a police officer who had previously arrested him. Defendant's distinctive tattoos are clearly illustrated in the photograph giving further credence to this identification.

**669**

The handgun pictured in the photograph was identified as a .38 revolver by a police officer familiar with this weapon. A .38 revolver was found on the premises.

For authentication purposes, a police officer may testify that a gun depicted in a photograph appears to be identical to a gun that was seized. United States v. Blackwell, 694 F.2d 1325, 1330 (DC Cir. 1982). Once the photograph is introduced into evidence, the trier of fact may conclude that the gun in the photograph is the same as the one seized. Id. at 1331.

In this case, the photograph was properly authenticated as to the scene depicted therein and its coordinates in time and place. Therefore, the court did not err in admitting the photograph into evidence.

## B. Relevance.

In addition to being properly authenticated, the photograph must be relevant to some matter at issue in the trial. United States v. Hobson, 519 F.2d 765, 776 (9th Cir.), cert. denied, 423 U.S. 931, 96 S.Ct. 283, 46 L.Ed.2d 261 (1975). Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Com.R.Evid. Rule 401. The photograph in question here was clearly relevant to the government's contention that defendant had a .38 revolver in his possession at his residence. Certainly, a photograph showing defendant holding a gun similar to the one seized from the tool shed has a

tendency to make it more likely than not that the weapon seized was in his possession at the time of its discovery.

Relevant evidence may be inadmissible under Com.R.Evid. Rules 403 and 404, however, if its probative value is outweighed by its prejudicial nature. The probative value of this photograph would have been extremely high if it had been conclusively proved that the gun in the photograph was identical to the gun that was seized. However, this is not the case and, therefore, the probative value of the photograph is diminished even though the gun in the photograph and the gun seized closely resemble each other. There is also some likelihood that the jury, after viewing the photograph, may have been prejudiced by the manner in which defendant held the gun (aiming it at the camera).

In striking a balance, it does not appear that the trial court erred in finding that the dangers associated with admitting the photograph did not outweigh their probative value. Even though it was not conclusively proved that the gun in the photograph and the gun seized from the tool shed were the same, this photograph did make it significantly more likely that they were the same gun and, as a result, defendant was guilty of possession of a firearm. In conclusion, the trial court did not abuse its discretion in admitting the photograph into evidence.

## II. Scope of Cross-Examination.

Defendant contends that the trial court abused its discretion by allowing the government to go beyond the scope of

**671**

direct examination in cross-examining defendant's witness, Dolores Castro. On direct examination Castro testified as to the ownership of the farm where defendant was arrested. On cross- examination, the government was allowed to cross-examine Castro regarding the content of a photograph of defendant holding a revolver. The court found this cross-examination directly probative on the issue of possession of the handgun.

The scope of cross examination is within the sound discretion of the trial court and will not be disturbed on appeal absent clear abuse of discretion. United States v. Sherman, 821 F.2d 1337, 1341 (9th Cir. 1987) In cross-examination of adverse witnesses the government is limited to issues relevant to the trial and it is within the broad discretion of the court to determine which issues are relevant. United States v. Kennedy, 714 F.2d 968, 973 (9th Cir. 1983).

In view of the trial court's authority over the scope of cross-examination and the fact that possession of the handgun was in issue, the government's cross-examination of Castro was not improper.

III. Mistrial.

During the course of the trial, defendant's mother approached one of the jurors and asked her to "have mercy" on her son. This contact was reported to the court and defendant moved for a mistrial. After interviewing each of the jurors the court denied defendant's motion.

The decision whether or not to declare a mistrial lies within the discretion of the court and turns upon the

**672**

particular facts presented. Illinois v. Somerville, 410 U.S.
458, 464, 93 S.Ct. 1066, 1070, 35 L.Ed.2d 425 (1973). The
reviewing court must accord the highest degree of respect to
the trial judge's evaluation as to tne ability of the jurors to
be impartial. Arizona v. Washington, 434 U.S. 497, 511, 98
S.Ct. 824, 833, 54 L.Ed.2d 717 (1978). However, even in
according this deference to the trial judge, the appellate
court has an obligation to satisfy itself that the trial judge
exercised sound discretion in determining whether or not to
declare a mistrial based on possible jury bias. Id. at 514, 98
S.Ct. at 834-35.

In this case, the trial court carefully considered the
matter and, after due reflection, denied defendant's motion for
a mistrial. The court found, based on inquiries made to each
of the jurors, that there was no basis for finding that the
juror who was approached, or the jury as a whole, was incapable
of remaining fair and impartial. The court then admonished the
jury not to consider what had happened in arriving at their
verdict.

The decision not to declare a mistrial seems neither
irrationalror unreasonable. That decision was an exercise of
sound discretion and is adequately supported by the record.

IV. **Sufficiency of Evidence**.

Defendant next maintains that without evidence that
he had immediate or exclusive control over the marijuana
plants growing in the vicinity of his residence, there was
not substantial evidence to support defendant's conviction

673

for possession of marijuana pursuant to 6 CMC § 2141.

 Sufficiency of evidence review involves an assessment of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable doubt. United States v. Powell, 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984). On a challenge to the sufficiency of evidence, the standard of review is whether there is substantial evidence to support conviction. United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir. 1986). The appellate court must consider evidence in a light most favorable to the government and determine whether any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Defendant was convicted of possession of marijuana with intent to distribute pursuant to 6 CMC § 2141(a). 6 CMC § 2141(a) is modeled after 21 U.S.C. § 841(a). Accordingly, courts' interpretations of 21 U.S.C. § 841(a) are useful in our analysis as to the sufficiency of evidence needed to convict under 6 CMC § 2141(a).

 Possession of marijuana may be constructive or actual. United States v. Hernandez, 484 F.2d 86, 87, (5th Cir. 1973). Constructive possession exists where the defendant exercises, or has the power to exercise, dominion and control over an item. United States v. Watkins, 662 F.2d 1090, 1097, (4th Cir. 1981), cert. den. 455 U.S. 989, 102 S.Ct. 1613, 71 L.Ed.2d 849. Actual, exclusive possession is not necessary for conviction of

**674**

possession of marijuana with intent to distribute. United States v. Moorman, 660 F.2d 106, 111 (4th Cir. 1981).

Constructive possession of contraband will sustain a conviction for possession with intent to distribute. United States v. Rackley, 724 F.2d 1463, 1469 (11th Cir. 1984). However, it is essential that some nexus exists between the accused and the contraband. Mere physical proximity to the unlawful drug is not in itself sufficient to establish either actual or constructive possession of a prohibited substance. Id.

Since defendant was not in actual possession of marijuana at the time of his arrest, his conviction on this count may be sustained only on a constructive possession theory. The evidence presented was sufficient to establish constructive possession.

Constructive possession may be established by a showing of dominion and control over the premises on which the contraband was concealed. United States v. Wilson, 657 F.2d 755, 766 (5th Cir. 1981) cert. den. 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667. Although defendant's possession of the property was not exclusive, evidence introduced as to the presence of defendant's personal property on the premises coupled with the fact that, at the time of his arrest, only defendant and his wife were present on the property indicates that defendant had sufficient domination and control over the premises.

Circumstantial evidence may be sufficient to support a finding of constructive possession of marijuana. United States

**675**

v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980). In this case, marijuana was growing in and around the outhouse near the house. Defendant's wife testified that she had seen the marijuana growing there and it is reasonable to believe that defendant, as a resident of the property, was also aware of these plants. Marijuana was also discovered growing in large quantities near a small path which originated at defendant's residence. Defendant's was the only house in the area. Finally, cigarette papers commonly used to roll marijuana cigarettes were found in defendant's residence. Taken together, this evidence establishes a sufficient nexus between defendant and the marijuana found growing in the area to sustain the trial court's determination that there was substantial evidence to support defendant's conviction for possession of marijuana.

V. The Escape Statute.

The final issue on appeal revolves around defendant's assertion that the Commonwealth escape statute is unconstitutionally vague. This argument was not made in the trial court.

As a general rule, a federal appellate court does not consider an issue not passed upon below. Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). But this rule is not inflexible. Youakim v. Miller, 425 U.S. 231, 234, 96 S.Ct. 1399, 1401, 47 L.Ed.2d 701 (1976). Where the issue is squarely presented and fully briefed and is a recurring issue, the court may wish to dispose of the matter despite the fact that the issue was not presented below. Carlson v. Green,

**676**

446 U.S. 14, 17, n.2, 100 S.Ct. 1468, 1470, n.2, 64 L.Ed.2d 15 (1980). Clearly, this court has discretion to decide whether to address an issue not addressed in the trial court where the question is purely a legal one. Quinn v. Robinson, 783 F.2d 776, 814 (9th Cir. 1986).

In this case, the issue of whether the term "prisoner" as used in 6 CMC § 3202 is a legal one and has been fully briefed and this court may consider it.

6 CMC § 3203 reads, in pertinent part, as follows:

". . . whosoever, being a prisoner, unlawfully and willfully departs from custody, is guilty of escape, and upon conviction thereof may be imprisoned for not more than three years."

Defendant contends that the term "prisoner" as used in this statute is so vague that a person of ordinary intelligence would be unable to determine whether this term applies to anyone who is in custody or whether "prisoner" applies only to one who has been convicted of a crime. In fact, it applies to both these situations.

A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning. Perrin v. U.S., 444 U.S. 37, 42, 100 S.Ct. 311, 313, 62 L.Ed.2d 199 (1979). In construing statutory language, plain meaning will prevail unless clearly expressed legislative intent is to the contrary or unless the plain meaning leads to absurd results. White v. Pierce, 834 F.2d 725, 728 (9th Cir. 1987).

677

A prisoner is defined as a person deprived of his liberty and kept under involuntary restraint, confinement or custody. Dumaine v. State, 734 P.2d 1230, 1233 (Nev. 1987).

In this case, 6 CMC § 3202' contemplates that a "prisoner" is guilty of escape if he "unlawfully and willfully departs from custody..." Thus, once a person is in custody he is a "prisoner" for purposes of this statute. Since defendant was in lawful custody at the time he fled the police station, he was a "prisoner" pursuant to 6 CMC § 3202. Therefore, defendant's contention that this statute is vague is without merit.

CONCLUSION

For the aforementioned reasons, the decision of the trial court is AFFIRMED.

Dated: *MARCH 13, 1989*

_____
ALEX R. MUNSON, District Judge

_____
IRVING HILL, District Judge

_____
ROBERT A. HEFNER, Designated Judge

678