**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Doris MARTIN, Defendant-Appellant.**

**No. 73-2404**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1973.

Fred J. Morton, El Paso, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ronald Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Appellant, Doris Martin, and her roommate, Graciela San Miguel Zuniga, were charged with violating the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031–5037, by possessing with intent to distribute approximately one ounce of mescaline in violation of 21 U.S.C. § 841(a)(1). Miss Zuniga admitted her delinquency and was sentenced. Appellant was tried by the court without a jury and found guilty. She raises two issues here: the sufficiency of the evidence and the constitutional validity of the search. In view of our reversal on the evidence issue, we need not reach the latter point.

There is no evidence that appellant actually possessed the mescaline. In support of the conviction, the government argues that constructive possession was established by her presence during several conversations between Miss Zuniga and the undercover agent concerning the sale, by comments made by Miss Zuniga and the police's informant allegedly linking appellant to the sale, and by appellant's own remarks concerning her past use of drugs. Such evidence, at most, may show appellant's knowledge of the sale of the illegal drug. It does not indicate that appellant took an active part in the sale, much less that she ever exercised any dominion or control over the drug. To establish constructive possession, however, there must be proof of

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

dominion and control. Garza v. United States, 5th Cir. 1967, 385 F.2d 899; Smith v. United States, 5th Cir. 1967, 385 F.2d 34. We think this case is squarely governed by the rule that "mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." United States v. Stephenson, 5th Cir. 1973, 474 F.2d 1353 [1973]. The evidence here is clearly insufficient.

Reversed.