UNITED STATES of America, Plaintiff-Appellee,

v.

Bernard L. FERG, Defendant-Appellant.

No. 73–3814.

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1974.

Thomas D. McDowell, Corpus Christi, Tex., Joseph C. Santaguida, Philadelphia, Pa., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Anna E. Stool, Staff Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before RIVES, GEWIN and GOLDBERG, Circuit Judges.

GEWIN, Circuit Judge:

In this case the government seeks an affirmance of the conviction of a defendant who was only tangentially involved in the alleged unlawful trafficking of marijuana. Because we conclude that the government has completely failed to sustain its burden of proof, we reverse. The appellant, Bernard Ferg, was indicted, tried and convicted of the alleged possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).[1]

In appealing from a non-jury finding of guilty, Ferg raises a number of Fourth and Fifth Amendment challenges, as well as a claim of insufficiency of the evidence. Because our resolution of the issue concerning the sufficiency of the government's evidence is

---

1. The relevant portion of 21 U.S.C. § 841 provides:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

dispositive of this case, we need not consider the constitutional claims.

Ferg was a passenger in an automobile driven by his co-defendant Shaw when it was stopped by the United States Border Patrol at an immigration check point in Texas some fifty miles from the Mexican border during the early morning hours of August 16, 1972. After determining that both persons in the front seat were American citizens, the inspecting officer shined his flashlight into the back seat to check for additional persons. Upon discovering a three inch gap between the back seat and the frame of the car, the officer directed both men to step out of the vehicle. The officer testified that in response to his question as to what was hidden behind the back seat, one of the men said "that's marijuana in there." In the darkness, the officer was unable to determine which suspect made the remark. Ferg denied at trial that any such declaration was made. The officer then reached behind the seat and discovered thirteen bricks of marijuana.

One of the agents who arrested Ferg and Shaw and transported them to jail testified that Shaw admitted purchasing the marijuana in Brownsville, Texas.[2] Another agent testified that Ferg stated that he and Shaw were "traveling companions" from Pennsylvania.

Ferg and Shaw were tried jointly before the district court and found guilty. Ferg received a three year sentence which included three months of confinement and the remainder on probation.

[1–3] We are aware, of course, that in reviewing the sufficiency of the evidence supporting a criminal conviction,

we are bound by the dictates of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), which requires that we view the evidence in the light most favorable to the government.[3] While this standard is unequivocal, *Glasser* does not require complete judicial abdication to the determination of the trier of fact. United States v. Peterson, 488 F.2d 645, 649 (5th Cir. 1974). *Glasser* explicitly requires that a conviction be supported by "substantial evidence." 315 U.S. at 80, 62 S.Ct. at 469, 86 L.Ed. at 704. Moreover, since all the evidence against Ferg is circumstantial, we must determine that the inferences to be drawn from the evidence are not only consistent with guilt but inconsistent with every reasonable hypothesis of innocence. Montoya v. United States, 402 F.2d 847, 850 (5th Cir. 1968). We conclude that the government failed to produce the requisite "substantial evidence" to establish that Ferg, in fact, possessed the marijuana in violation of the statute.[4]

Constructive as well as actual possession of contraband will sustain a conviction under 21 U.S.C. § 841(a). United States v. Hernandez, 484 F.2d 86, 87 (5th Cir. 1973). Possession may be joint among various defendants, and such possession may be established by circumstantial evidence. United States v. Stephenson, 474 F.2d 1353, 1355 (5th Cir. 1973); United States v. Mendoza, 433 F.2d 891, 896 (5th Cir. 1970); Montoya v. United States, 402 F.2d 847, 850 (5th Cir. 1968). In order to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the

2. The record does not reveal the distance between the checkpoint and Brownsville, a town situated near the Mexican border. At oral argument, counsel for Ferg stated that the two points are approximately seventy-five miles apart. Counsel for the United States did not contest this assertion.

3. In *Glasser*, the Supreme Court expounded the standard for review of a jury finding of guilty. It is generally accepted that the scope of review of a judicial determination

of guilt is the same. 8 Moore's Federal Practice, ¶ 23.05, p. 23–14. This circuit has consistently applied the same standard to both jury and non-jury convictions. *See, e.g.,* Gorman v. United States, 323 F.2d 51 (5th Cir. 1963).

4. Ferg was not convicted of conspiring to possess the marijuana, 18 U.S.C. § 371 (1966) or of aiding or abetting Shaw in his possession of it, 18 U.S.C. § 2(a) (1969).

contraband itself or the premises or vehicle in which the contraband is concealed. United States v. Martin, 483 F. 2d 974 (5th Cir. 1974); Garza v. United States, 385 F.2d 899 (5th Cir. 1967); Smith v. United States, 385 F.2d 34 (5th Cir. 1967). In other words, there must be some nexus between the accused and the prohibited substance. Proof of physical proximity to controlled drugs is not sufficient to establish either actual or constructive possession. As this court has consistently observed, "mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." United States v. Stephenson, 474 F.2d 1353, 1355 (5th Cir. 1973). *Accord,* United States v. Gloria, 494 F. 2d 477, 483 (5th Cir. 1974); United States v. Horton, 488 F.2d 374, 381–382 (5th Cir. 1974); United States v. Martin, 483 F.2d 974, 975 (5th Cir. 1974).

The facts of this case illustrate the logic of this "mere presence" rule. The government presents only two pieces of circumstantial evidence in an attempt to link Ferg with the seized marijuana. Ferg was traveling with Shaw, the person who admitted having purchased the marijuana, and Ferg was a passenger in the car in which the marijuana was concealed. Beyond the admission by Ferg that he was a traveling companion of one guilty of illegal possession of marijuana, the government failed to establish that Ferg in any way violated 21 U.S.C. § 841(a)(1). The government's evidence failed to prove that Ferg had ever maintained possession of the contraband or had any intention of participating in the distribution of it. *See* United States v. Canada, 459 F.2d 687, 689 (5th Cir. 1972). Shaw, his companion, in no way implicated Ferg in the statement he made to the federal agents. There was no evidence to show that Ferg and Shaw had traveled together for a sustained period of time after the marijuana was admittedly obtained by Shaw. Moreover, the government did not establish that

Ferg had rented the car or even shared the cost of rental. It was not even shown or claimed that Ferg had ever driven the car or that he could drive an automobile. We do not accept the government's apparent invitation to infer guilt by association.

■ Ferg did not move for a new trial in the district court on the issue of the sufficiency of the evidence. In these circumstances, we find it inappropriate to subject him to the possibility of further prosecution. United States v. Horton, 488 F.2d 374 (5th Cir. 1973); United States v. Apollo, 476 F.2d 156, 158 n. 1 (5th Cir. 1973); United States v. Restano, 449 F.2d 485 (5th Cir. 1971); United States v. Musquiz, 445 F.2d 963 (5th Cir. 1971). Accordingly, the judgment of conviction is reversed and the case is remanded with instructions to vacate the judgment of conviction and to enter a judgment of acquittal.

Reversed and remanded with directions.