10 F.3d 806
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony FORTE, Defendant-Appellant.
 No. 93-5342.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 5, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.
 Randolph Marshall Lee, for Appellant.
 Jerry W. Miller, United States Attorney, Robert J. Conrad, Jr., Assistant United States Attorney, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Anthony Forte appeals from his conviction by a jury of three counts of possession of a firearm by a convicted felon in and affecting commerce in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e) (1988). Forte asserts that there was insufficient evidence to support the conclusion that he was in actual or constructive possession of the firearms found in the vehicle he was driving. Because we find sufficient evidence to support his conviction, we affirm.
 
 
 2
 * Three firearms were recovered from the vehicle Forte was driving[1] after he was arrested when a routine warrant check revealed an outstanding warrant against him.[2] At trial, one of the arresting officers testified that while calling in the warrant check, he noticed Forte reaching into the back seat area of the car in a manner consistent with someone reaching for a weapon. Fearing for his safety, the officer placed his car in reverse and called for backup. A search of the automobile revealed a "banana" magazine in the glove compartment, a .30 caliber M-1 rifle on the back seat covered by a blanket, a .22 caliber semi-automatic Luger pistol on the floorboard behind the passenger seat accessible to the driver, a .357 Magnum Revolver deeply imbedded between the driver's seat and the stationary armrest, and live and empty rounds of .22, .30, and .38 caliber ammunition. The .357 revolver was later found to have been stolen from the town in which Forte resides.
 
 
 3
 Michael Prysock, the passenger in the vehicle driven by Forte, testified on direct examination that prior to the day of arrest he witnessed Forte in possession of all three of the firearms identified as having been confiscated from the car Forte was driving that day. Further, Prysock testified that after the arrest, Forte admitted to him that he owned all three firearms, and that the .357 revolver had been stolen and sold to him in Stanly County, North Carolina, Forte's place of residence.
 
 
 4
 On this evidence, Forte was found guilty of unlawful possession of firearms. Forte appeals.
 
 II
 
 5
 The sole question on appeal is whether the evidence introduced at trial supports the jury's finding that Forte possessed the firearms. Proving unlawful possession of a firearm under Sec. 922(g) requires either a showing of actual possession or proof of constructive or joint possession. United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). " '[T]o establish constructive possession, the [G]overnment must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed.' " Id., (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974)).
 
 
 6
 Forte asserts that the .357 revolver and the rifle were owned by his sister's boyfriend and that the .22 pistol was owned by Prysock. He denied any knowledge of the presence of any of the three firearms in the car. A jury verdict must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).
 
 
 7
 In this case, no evidence beyond Forte's denial appears in the record to contradict his admission to Prysock that the guns seized from the vehicle after his arrest belonged to him. In considering the circumstantial, as well as the direct evidence, and allowing the Government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find the evidence sufficient to support the jury's findings that Forte was in possession of the three firearms.[3] We therefore affirm his conviction on all counts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The vehicle itself was registered to Forte's sister, at the address listed on Forte's fingerprint card for a prior drug conviction
 
 
 [2]
 The warrant check was run after a park ranger observed Forte urinating in an open field in Five-Points Park in Charlotte, North Carolina
 
 
 [3]
 We find that Forte's reliance on our decision in United States v. Blue, supra, is not compelling. In contrast to Blue, the evidence here linking Forte to the three firearms is substantial