30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick WALKER, a/k/a Rudolph Valentino Barnett, Defendant-Appellant.
 No. 93-5907.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 14, 1994.
Decided: July 14, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. G. Ross Anderson, Jr., District Judge. (CR-92-460)
 Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.
 J. Preston Strom, Jr., United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Patrick Walker appeals his conviction for knowing possession of a firearm shipped in interstate commerce after conviction of a crime punishable by imprisonment for a term in excess of one year, in violation of 18 U.S.C.A. Secs. 922(g), 924(a)(2) (West Supp.1994). The weapon, a Ruger 9 millimeter pistol Model P-85, was seized by police officers during a warrantless search of a car which they had observed Walker driving. The officers contended the weapon was in plain view under the driver's seat. Walker stipulated at trial that he is a convicted felon. Walker specifically challenges the district court's denial of his motion to suppress the firearm as the fruit of an unlawful search and seizure. He also challenges the sufficiency of the evidence to support the jury's finding that he possessed the firearm. For the reasons set forth below, we affirm.
 
 
 2
 Walker filed a timely motion to suppress the firearm. At the suppression hearing, Detective Charles Medford, Jr., testified for the Government that he and Officer Tommy Brooks were on a routine patrol looking for a black male using the name Richard Watson, who was reported to have robbed two individuals at gunpoint two days earlier. The suspect was believed to be driving a white 1981 Datsun 280-ZX sports car with the personalized license plate "1 4 U." The officers saw Walker park at an apartment complex and exit the vehicle that matched the description. Walker locked the doors to the car and stepped away from the vehicle. Both officers approached Walker; Officer Medford initially asked Walker for identification, and Walker produced a North Carolina driver's license in the name of Richard Watson. According to the testimony of Officer Medford, first Officer Brooks, and then Officer Medford observed in plain view the butt-end of the 9-millimeter firearm, through the window of the car from the outside. He testified that the firearm was visible on the floor sticking out from under and behind the driver's seat. Officer Medford testified that Officer Brooks saw the firearm through a small side window behind the driver's side window; Officer Medford saw the firearm through the passenger window. Walker testified at the suppression hearing that the officers retrieved the weapon from the glove compartment of the vehicle.
 
 
 3
 The 280-ZX was a hatchback, and had no back seat. Walker testified, and photographs were entered into evidence that showed, that the car had black louvers covering the back and side windows; Officer Medford did not recall the louvers. The windshield, and the driver's side and passenger's side windows were tinted. It was about 7:30 p.m. on November 21, 1991, and dark outside. However, Officer Medford testified that Officer Brooks had a flashlight.
 
 
 4
 The officers did not arrest Walker until after Officer Brooks saw the firearm. Walker was then arrested for carrying a pistol in violation of South Carolina law. The officers had no warrant for Walker's arrest for the armed robbery complaint.
 
 
 5
 The district court denied Walker's motion to suppress, finding that the weapon was in plain view, thereby making the search legal. The weapon was admitted into evidence at trial.
 
 
 6
 At trial, the evidence showed that Walker was the only occupant of the car in which the firearm was found; he was not the owner of the car. Officers Brooks and Medford both testified that they saw the gun in plain view, and that after Officer Brooks saw the gun he told Officer Medford to arrest Walker. Officer Medford took the keys from Walker after he arrested him, opened the car, and retrieved the gun. Officer Medford testified that when he saw the gun in plain view, prior to the arrest, he was looking in from outside the passenger's side window.
 
 
 7
 Walker's wife testified that she borrowed the gun from a friend for protection. She further testified that the car in question belonged to her, and she confirmed that at the time of Walker's arrest, the car had tinted windows and louvers. Officer Brooks was recalled; he testified that Walker's wife had disavowed any knowledge of the weapon while at the police department after the arrest.
 
 
 8
 Walker's fingerprints were not found on the gun. Walker did not testify at trial. At the close of the Government's evidence, Walker moved for judgment of acquittal. The district court summarily denied the motion.
 
 
 9
 Walker was sentenced to twelve months imprisonment pursuant to the provisions of United States Sentencing Commission, Guidelines Manual, Sec. 5G1.3 (Nov.1990), to be served consecutive to the sentence previously imposed upon him in the Western District of North Carolina. He was also sentenced to a term of three years supervised release, and ordered to pay the mandatory special assessment of $50.00.
 
 I.
 
 10
 This Court reviews the factual determinations made by the district court which relate to legal conclusions on suppression issues under a clearly erroneous standard; the Court's legal conclusions are reviewed de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). Here, the firearm was admitted into evidence under the plain view doctrine, which provides that a law enforcement officer may seize evidence without a warrant if: (1) the officer is lawfully located in a place where the evidence is located; (2) the evidence may be plainly seen; and (3) the incriminating nature of the evidence is immediately apparent. See Horton v. California, 496 U.S. 128, 136 (1990). Conflicting evidence on the issue of whether the gun could be plainly seen by the officers presents a close question, but we cannot say that the district court's finding, after a full evidentiary hearing, was clearly erroneous. Accordingly, we affirm the district court's denial of Walker's motion to suppress.
 
 II.
 
 11
 Walker's second claim is that the evidence was insufficient to support his conviction. A jury verdict must be sustained if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The relevant question is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found Walker guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts established to those sought to be proven. Id. In resolving issues of substantial evidence, this Court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989).
 
 
 12
 Constructive possession exists when the defendant exercises, or has the power to exercise, "ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." United States v. Blue, 957 F.2d 106, 107 (4th Cir.1992) (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir.1974)).
 
 
 13
 Here, while Walker did not own the car, he was the sole occupant of the car, the gun was within his reach while he was in the car, and he maintained access to the car, and the gun, with the keys after he exited the car. We find that there was substantial evidence to support the jury's finding that Walker possessed the firearm. We therefore affirm his conviction, and the district court's denial of Walker's motion for judgment of acquittal.
 
 
 14
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED