57 F.3d 1067
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Mack GRIFFITH, Defendant-Appellant.
 No. 94-5856.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 18, 1995.
Decided June 19, 1995.
 
 Andrew S. Goldstein, Paul A. Driscoll, MAGEE, FOSTER, GOLDSTEIN & SAYERS, Roanoke, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Mack Griffith was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1995). On appeal, he challenges only the sufficiency of the evidence to support his conviction. We affirm.
 
 
 2
 On June 25, 1993, Griffith was stopped by Park Ranger Ed Clark while driving on the Blue Ridge Parkway. Griffith was accompanied by a female passenger, who was sitting in the front passenger seat, and her young son, who was sleeping on the back seat. Clark testified that after administering a sobriety test to Griffith (which he passed), he observed a gun showing from beneath the back seat where the child was sleeping. Clark ordered everyone out of the car and asked who owned the gun. According to Clark, Griffith responded that he had purchased the gun for his girlfriend for her protection. The woman to whom Griffith referred was later identified as Ms. Sherry Hall, who owned the vehicle Griffith was driving but was not the passenger in the car that night.* Clark then asked Griffith if he was "taking responsibility" for the weapon and Griffith responded "yes." At trial, Griffith denied making these statements to Clark. Instead, he stated that the weapon belonged to Ms. Hall, that she purchased the weapon for her own protection, and that she kept it in her purse at all times. Griffith claimed that he did not know the gun was in the back seat of her car until Clark saw it. Ms. Hall testified that she had purchased the gun for her protection because she worked the night shift and that she had removed it from her purse on the night in question because she had to go into the hospital for overnight testing. However, Hall admitted on cross-examination that she did not know how to load the gun, nor what kind of bullets it used, nor even how to tell if the gun was loaded. She also admitted that she had never asked anyone to show her anything about the gun. Finally, Hall testified that the gun was kept in her purse at all times even though it was found in a belt holster.
 
 
 3
 At the conclusion of the trial, the district court found both Griffith's and Hall's testimony not credible. As to Hall, the district court found her testimony to be, in part, "fabricated," as evidenced by her lack of familiarity with the gun. Griffith was convicted and sentenced to 235 months imprisonment. He appeals.
 
 
 4
 We review the sufficiency of the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). All reasonable inferences from the evidence must be viewed in the light most favorable to the government. United States v. Giunta, 925 F.2d 758, 764 (4th Cir.1991). Further, in resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 5
 Unlawful possession of a firearm under Sec. 922(g) requires either a showing of actual possession or proof of constructive or joint possession. United States v. Blue, 957 F.2d 106, 107 (4th Cir.1992). " 'To establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed.' " Id. (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir.1974). We find that the evidence here established that Griffith unlawfully possessed the firearm at issue. Therefore, we affirm.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Clark testified that the passenger, later identified as Rebecca Watts, denied any knowledge of the gun