**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4297

MARC RAMONE TOLIVER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-305)

Submitted: October 30, 1998

Decided: January 11, 1999

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dannie R. Sutton, Jr., GOODWIN, SUTTON, DUVAL & GEARY,
P.L.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, S. David Schiller, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marc Ramone Toliver appeals his conviction after a jury trial for being a felon in possession of ammunition. See 18 U.S.C. § 922(g)(1) (1994). At trial, Toliver stipulated to his prior felony conviction and the fact that the ammunition was operable and had traveled in interstate commerce. As a result, the only issue at trial was whether Toliver was in possession of a "banana" clip containing twenty-eight rounds of ammunition found along the route of the high-speed car chase which lead to his arrest. In this appeal, Toliver challenges the jury's conclusion on this issue claiming that there was insufficient evidence to convict him of possession of the ammunition. Because we find that the jury's verdict was amply supported by the evidence at trial, we affirm Toliver's conviction and sentence.

As a threshold matter, we note that a defendant challenging the sufficiency of the evidence to support a conviction bears "a heavy burden." United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995). To sustain Toliver's conviction, this court must find that the evidence, when viewed in a light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). The reviewing court considers circumstantial as well as direct evidence and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996).

Toliver's stipulations reduced the Government's case to the sole issue of whether Toliver possessed the ammunition contained in the clip. Possession of a firearm for the purposes of § 922(g) may be either actual or constructive. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). In order "`to establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed.'" Id. (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974)) (alteration omitted). The Government's case rested predominantly on the testimony of the

2

arresting officer. In attempting to stop a car for a number of traffic violations, Officer Joseph Ested and his partners found themselves embroiled in a high-speed car chase. During that chase, the individual in the front passenger's seat threw several objects from the moving vehicle. When the chase ended with the fleeing vehicle slammed into a parked car, Toliver jumped from the front passenger's seat and attempted to escape on foot. After Toliver escaped Officer Ested momentarily with a well-placed right elbow, Officer Ested resumed the chase and eventually tackled and managed to subdue Toliver.

Although the responding officers were unable to recover what Officer Ested described as a "white bag object" thrown from the vehicle, Ested did discover the ammunition clip near the second place where he observed the front-seat passenger of the vehicle discarding objects. At the end of his testimony, Ested positively identified Toliver as the person who threw the ammunition from the vehicle. By throwing the clip from the car, Toliver exerted the necessary dominion and control over the ammunition to establish that he possessed it. In light of the standard of review of a sufficiency-of-the-evidence claim, we have no difficulty concluding that the Government presented sufficient evidence on which to return a conviction. See United States v. Johnson, 55 F.3d 976, 979 (4th Cir. 1995).

In this appeal, Toliver notes that Officer Ested did not testify that he saw Toliver in possession of the ammunition clip. Toliver suggests that Ested's observation of Toliver's throwing an object near where Ested found the clip was insufficient to prove his possession of the clip. However, the Government is entitled to the reasonable inference that the object Ested described Toliver tossing from the car was the clip full of ammunition Ested discovered near where Toliver abandoned something. See id.; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). The fact that Officer Ested was not able to identify the discarded item until after he found it does not render the evidence in this case insufficient.

Toliver next points to the testimony of Antoin Jones, who was riding in the vehicle with Toliver at the time of the chase. Jones testified that he did not see Toliver throw anything from the vehicle. Jones's testimony suggested that it was the unknown and unapprehended driver of the automobile who reached over and threw the objects out

3

of Toliver's window. In addition, Toliver suggests that because no fingerprints link him to the clip, there was insufficient evidence to show his possession of the ammunition. In the analysis of a sufficiency of the evidence claim, this court neither weighs the evidence nor reviews the credibility of witnesses. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). In this case, the jury credited the testimony of Officer Ested over that of Jones, notwithstanding the difference in proximity between the two witnesses' observation of Toliver's actions. This court will not disturb the jury's conclusion on appeal. Toliver's suggestion regarding the lack of fingerprint evidence merely goes to the weight of the Government's evidence, not its sufficiency. We decline Toliver's invitation to reweigh the evidence.

Finding no merit to any of Toliver's contentions, we conclude that this conviction was supported by sufficient evidence. As a result, we affirm the district court's judgment and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED