**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4435

HOWARD DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-166)

Submitted: January 26, 1999

Decided: February 16, 1999

Before LUTTIG and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Howard Davis appeals his conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C.§ 841(a)(1) (1994). During the course of a relatively routine traffic stop, Davis was arrested for driving on a suspended license and an additional out-standing violation. During the search of the car incident to Davis's arrest, the investigating officer found more than ninety grams of crack cocaine in the pocket of a jacket the officer discovered on the back seat of the rental car Davis was driving. Following a trial, the jury found Davis guilty of possession of the crack cocaine.

Davis noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he repre-sents that there are no arguable issues of merit in this appeal. None-theless, in his brief, counsel addressed whether the district court erred in denying Davis's Fed. R. Crim. P. 29 motion for acquittal. The time for filing a supplemental brief has passed and Davis has not responded, despite being advised of his right to do so. Because we find counsel's assignment of error to be without merit and can discern no other error in the record on appeal, we affirm Davis's conviction and sentence.

We review the denial of a motion for acquittal under a sufficiency of the evidence standard. See Fed. R. Crim. P. 29; United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). In deciding whether the evidence was sufficient, the relevant question is not whether the court is convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the govern-ment, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc), cert. denied, 519

2

U.S. 115 (1997). If substantial evidence exists to support a verdict, the verdict must be sustained. See Glasser, 315 U.S. at 80.

This offense requires proof beyond a reasonable doubt that Davis knowingly and intentionally possessed the cocaine found in the jacket on the back seat of the rental car he was driving with the intent to distribute it. See United States v. Williams, 41 F.3d 192, 199 (4th Cir. 1994). It is well established that possession of a controlled substance can be actual or constructive. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993). "Proof of constructive possession is sufficient to satisfy the element of knowing possession." United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997). The government may establish constructive possession by circumstantial as well as direct evidence. See Burgos, 94 F.3d at 873. In addition, possession may be sole or joint. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993).

In order "to establish constructive possession, the government must show ownership, dominion, or control over the drug or the premises or vehicle in which it was concealed." Id. ; United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974)). The evidence at trial showed that Davis was driving the rental car, thereby asserting dominion and control over the vehicle in which the crack cocaine was concealed. This fact allowed the rational conclusion that Davis had constructive possession of the crack cocaine. In addition, despite previously denying ownership, while Davis was being processed, he took the jacket without protest from the arresting officer when the officer handed it to him and put it on without being instructed to do so. The jacket fit Davis, buttressing the conclusion that the jacket belonged to him as did the cocaine in the pocket. As a result, the evidence allowed a rational jury to find beyond a reasonable doubt that Davis possessed the crack cocaine.

Davis's defense rested on evidence that he did not own a jacket like the one the arresting officer found in the rental car. Presumably, Davis wanted the jury to reach the conclusion that someone else had left the jacket in the car before Davis obtained control over it. As a result, contends Davis, he was not in knowing possession of the jacket or its contents. However, circumstantial evidence need not exclude

3

every reasonable hypothesis of innocence. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989); see also United States v. Anchondo-Sandoval, 910 F.2d 1234, 1236 (5th Cir. 1990) ("In sum, knowing possession can be inferred from the defendant's control over the vehicle in which the illicit substance is contained if there exists other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge.").

Davis does not explicitly challenge the Government's proof regarding his intent to distribute the cocaine. See United States v. Roberts, 881 F.2d 95, 99 (4th Cir. 1989) (noting intent may be inferred from quantities too large for personal consumption). Moreover, there was expert testimony at trial that tended to show that a user amount of crack cocaine was approximately one gram of crack. Davis was in possession of more than ninety times that amount. A rational jury could find beyond a reasonable doubt that Davis intended to distribute this large amount of crack cocaine. The government presented substantial evidence to support the guilty verdict. The district court did not err in denying Davis's Rule 29 motion.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for writ of certiorari. Consequently, counsel's motion to withdraw is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4