UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                     No. 98-4709

FREDERICK MERCHANT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-98-182)

Submitted: March 23, 1999

Decided: April 16, 1999

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thanos Kanellakos, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Andrew C. White, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frederick Merchant appeals his jury conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). Finding the evidence sufficient to support his conviction, we affirm.

After being arrested by Baltimore police in an unrelated incident, John Kennedy, a known narcotics trafficker, agreed to cooperate with Baltimore police and the DEA. After receiving a page from a number listed as Merchant's, Kennedy telephoned the number and talked to Dawn Babylon, to whom Kennedy had sold narcotics in the past.[1] Babylon told Kennedy that a friend named "Fred" wanted to purchase crack cocaine, and the two arranged to meet in a Blockbuster video-store parking lot. Kennedy was told that Babylon and two males would arrive in a gold four-door Oldsmobile.[2]

Three Baltimore police officers, including Officers Holthaus and Dayton, were watching the parking lot when Merchant arrived driving a gold Oldsmobile with Ricky Scott in the front passenger seat and Babylon in the back seat. After blocking the Oldsmobile with police cars, Holthaus and Dayton moved to each side of the vehicle. Holthaus ordered Merchant to hold his hands up, and Merchant then "lunged" toward the center armrest console between the passenger and driver's seats. (Id.) Holthaus testified that because of his training and experience, he believed Merchant was reaching for a gun concealed in the console and therefore grabbed Merchant's left arm. Merchant continued to reach for the console with his right arm, prompting Holthaus to rotate Merchant's left arm until he was able to pull him toward the door and remove him from the car.

_____

[1] Kennedy received the page during an interview with DEA agents and Baltimore police. Kennedy agreed to have the conversation taped, and the jury heard the tape of the conversation at trial with the aid of a transcript. (JA at 18).
[2] The parties stipulated that the gold Oldsmobile driven by Merchant belonged to his mother and was registered in his grandmother's name. (JA at 113).

2

Holthaus stated that he was sure Merchant was reaching for the console because as a "trained observer" who had made many arrests in which suspects reached for weapons, it appeared Merchant was reaching "right there to the center console" to obtain a gun and that he was reaching "so quick and so hard, that I was ready to break his arm if he didn't stop reaching." (JA at 109-110). After removing Merchant from the car, Holthaus found a loaded handgun in the console. (Id. at 99).

The Government presented evidence that Merchant initiated the drug transaction and possessed the gun. Babylon testified that "Fred" told her the dollar amount of crack to request from Kennedy. She also stated that although she possessed the money to purchase the crack when arrested, Scott, who gave it to her, had received it from "Fred." Babylon further testified that "Fred" had driven the car in which the gun was found earlier that day. She also testified that shortly before the three arrived at the parking lot, she saw Merchant remove a small dark object from his waist, and place it in the area of the car's center console and state that as he did so that he brought the item "in case any shit started."

Scott testified that he saw Merchant remove a gun from his waist and place it in the vicinity of the center console before entering the parking lot and that Merchant stated the gun was for protection. Scott further testified that after Merchant was arrested, Merchant told him that he could not be charged with possession of a gun and asked Scott to "take the gun charge" for him. Babylon corroborated that she heard Merchant ask Scott to "take the gun charge." The parties stipulated that Merchant was previously convicted of an offense punishable by more than one year in prison.

On appeal, Merchant asserts that the evidence was insufficient to prove he possessed the gun. The jury's verdict must be upheld, however, "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). To establish a violation of 18 U.S.C.A. § 922(g)(1), the Government had to show that Merchant knowingly possessed a firearm after having been convicted of a felony. See 18 U.S.C.A. § 922(g)(1); United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). Proving unlawful possession of a firearm can be satisfied by proof of

3

constructive possession, which can be established by "evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." Id. (quoting United States v. Ferg, 504 F.2d 914, 916-17 (5th Cir. 1974)). Possession need not be exclusive and may be proved by circumstantial as well as direct evidence. See United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980).

Merchant contends his conviction is improper under United States v. Blue, in which we found that the Government failed to establish constructive possession of a firearm located under a car's passenger seat when the evidence was only that the passenger "dipped" his shoulder downward when an officer approached the vehicle. We disagree. Merchant was the driver of his mother's car, and there was testimony that tended to establish that Merchant placed a handgun in the center console prior to driving into the parking lot, that Merchant possessed the gun for protection, and that Merchant asked Scott to "take the gun charge" for him. Any inconsistencies in witness testimony are matters of credibility that are solely within the province of the jury and are not susceptible to review. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Therefore, we find substantial evidence supports the jury's verdict.

Accordingly, we affirm Merchant's conviction. We dispense with oral argument and thus deny Merchant's request to hear arguments on this issue because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decision process.

AFFIRMED

4