[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

No. 08-14553
Non-Argument Calendar
_____

D.C. Docket No. 07-00315-CR-J-20-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARRISON HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida
_____

(July 8, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Garrison Harris appeals his conviction for being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924(a)(2). Harris argues that the government failed to prove that he knowingly possessed the firearm. We affirm.

We review de novo the denial of a judgment of acquittal. See United States v. Evans, 473 F.3d 1115, 1118 (11th Cir. 2006). To establish that a person is a felon in possession of a firearm, the government must prove beyond a reasonable doubt that the defendant was a convicted felon who knowingly possessed a firearm and that the firearm affected interstate commerce. See United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005). The possession may be constructive, in which case the government must prove the defendant exercised either "'ownership, dominion, or control' over the firearm." United States v. Molina, 443 F.3d 824, 829 (11th Cir. 2006) (quoting United States v. Ferg, 504 F.2d 914, 916 (5th Cir. 1974)).

The district court did not err by denying Harris's motion for a judgment of acquittal. Harris admitted to the arresting officers that he knew a firearm was in the car and he had attempted to conceal the firearm behind the passenger seat. Harris's statement established that he knowingly possessed the weapon.

Harris's conviction is **AFFIRMED.**