[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11000

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DALLAS ROBINSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00239-WFJ-SPF-1

_____

Before JORDAN, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Dallas Robinson, Jr. pled guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). His advisory guideline range, based on a total offense level of 15 and a criminal history category of IV, was 30-37 months' imprisonment. The district court varied upward from this range and sentenced him to 66 months' imprisonment.

On appeal, Mr. Robinson asserts that the district court erred in applying an enhancement under the Sentencing Guidelines and contends that he is entitled to vacatur of his sentence due to a retroactive amendment to the Guidelines. Following a review of the record, and with the benefit of oral argument, we affirm.

**I**

Mr. Robinson argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for "us[ing] or possess[ing] any firearm or ammunition in connection with another felony offense[.]" Reviewing for clear error, *see United States v. Martinez*, 964 F.3d 1329, 1333 (11th Cir. 2020), we disagree.

When he was arrested, Mr. Robinson was in the front passenger seat of a stolen car driven by Niko Wembley. The police found a firearm with Mr. Robinson's fingerprints in the footwell of the front passenger seat. The police also found a backpack containing 121 grams of marijuana and ammunition on the floorboard of the front passenger seat. The ammunition in the backpack

matched the firearm found in the footwell of the front passenger seat (the one with Mr. Robinson's fingerprints).

"A defendant has actual possession of a substance when he has direct physical control over the contraband. A defendant's constructive possession of a substance can be proven by a showing of ownership or dominion and control over the drugs or over the premises on which the drugs are concealed." *United States v. Woodard*, 531 F.3d 1352, 1360 (11th Cir. 2008) (internal quotation marks and citations omitted).

In cases involving challenges to narcotics convictions, we have held that merely being a passenger in a car where drugs are concealed does not establish constructive possession of those drugs beyond a reasonable doubt. *See, e.g., United States v. Ferg*, 504 F.2d 914, 916–17 (5th Cir. 1974). There "must be some nexus between the accused and the prohibited substance." *Id*. at 917. For example, in *United States v. Martinez*, 588 F.2d 495, 498–99 (5th Cir. 1979), we upheld the narcotics conviction of a defendant who was a passenger in a car because he (1) had the key to the trunk and (2) had keys to chests with marijuana which were stored in the trunk.

Here there was enough evidence for the district court to find by a preponderance of the evidence that Mr. Robinson constructively possessed the backpack and its contents, including the marijuana. First, there was proximity between Mr. Robinson and the backpack. Mr. Robinson was in the front passenger seat of the car, and the backpack was on the floorboard of that seat. Second, there was a nexus between Mr. Robinson and the backpack. The

backpack contained ammunition which matched the firearm with Mr. Robinson's fingerprints.  Based on this match the district court could have fairly found that Mr. Robinson exercised dominion and control over the backpack and the marijuana it contained.  Given the evidence before it, the district court did not clearly err in applying the enhancement.  *See* § 2k2.1(b)(6)(B), cmt. n. 14(B) ("Subsection[ ] (b)(6)(B) appl[ies] . . . in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia.").  *Cf. United States v. Riggins*, 563 F.2d 1264, 1266 (5th Cir. 1977) (evidence that the defendant participated in the loading of the car "would provide a basis for the inference that [he] knew the contents of the grocery bag on the floorboard on the passenger side").

We have stated in dicta that "[i]f the offense involves drug trafficking . . . § 2k2.1(b)(6)(B) applies automatically if 'the firearm is found in close proximity' to drugs." *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019) (quoting § 2k2.1(b)(6)(B), cmt. n. 14(B), while also concluding that the defendant's conduct did not involve drug trafficking).  Some of our sister circuits have, however, held or stated that application note 14(B) only creates a rebuttable presumption that the § 2k2.1(b)(6)(B) enhancement should apply when a firearm is found in close proximity to drugs.  *See United States v. Perez*, 5 F.4th 390, 400 (3d Cir. 2021); *United States v. Slone*, 990 F.3d 568, 572 (7th Cir. 2021); *United States v. Eaden*, 914 F.3d 1004, 1008 (5th Cir. 2019).

Using the rebuttable presumption theory, Mr. Robinson argues in his brief that the backpack and the marijuana in it belonged to Mr. Wembley. Assuming without deciding that this theory provides the correct legal principle for § 2k2.1(b)(6)(B), we reject Mr. Robinson's contention because there is no evidence in the record that Mr. Wembley owned the backpack. And without such evidence, the district court's application of the § 2k2.1(b)(6)(B) enhancement was "plausible" and therefore not clearly erroneous. *See Cooper v. Harris*, 581 U.S. 285, 293 (2017).

## II

Mr. Robinson asks us to vacate his sentence and remand for resentencing based on a retroactive guideline amendment that became effective while this appeal was pending. We decline the request because the amendment is substantive and we cannot give it retroactive effect on direct appeal.

At the time of the sentencing hearing, U.S.S.G. § 4A1.1(e) provided that a defendant who committed the instant offense while under a criminal justice sentence received two additional criminal history points (called status points). Because Mr. Robinson committed the felon-in-possession offense while serving a term of supervised release for an earlier offense, the district court added two criminal history points, giving him a total of seven criminal history points and a criminal history category of IV.

While this appeal was pending, the Sentencing Commission enacted Amendment 821, which in relevant part provides (in the new § 4A1.1(e)) that a defendant like Mr. Robinson who has six or

fewer criminal history points will receive no status points. *See* U.S. Sent'g Guidelines Manual App. C, Amend. No. 821, pt. A (2023). The Commission also included aspects of Amendment 821 in the list of retroactive guideline amendments. *See* U.S.S.G. § 1B1.10(d). If the new § 4A1.1(e) were applied to Mr. Robinson, his criminal history category would be III instead of IV, and his advisory guideline range would be 24-30 months' imprisonment.

On appeal we "apply the version of the guidelines in effect on the date of the sentencing hearing." *United States v. Descent*, 292 F.3d 703, 707 (11th Cir. 2002). A clarifying guideline amendment is given effect on direct appeal, but a substantive amendment is not. *See id.* at 707–08.

To determine whether a guideline amendment is substantive or clarifying, we consider a number of factors. These include whether the amendment alters the text of the guideline itself, rather than the commentary; whether the Sentencing Commission has described the amendment as clarifying or substantive; whether the Commission has included the amendment in the list of retroactive amendments; and whether the amendment overturns circuit precedent. *See United States v. Jerchower*, 631 F.3d 1181, 1185 (11th Cir. 2011).

Amendment 821 is substantive. First, it "alters the text" of § 4A1.1(e). Second, it effects a "substantive change" in punishment by not assessing status points to certain defendants. As the Second Circuit has explained, Amendment 821 "(1) reduces the upward adjustment received by offenders who committed the instant offense

23-11000               Opinion of the Court                    7

while under any criminal sentence and (2) limits this adjustment to defendants with seven or more criminal history points." *United States v. Rivera*, 115 F.4th 141, 154 (2d Cir. 2024). The Sentencing Commission has made aspects of Amendment 821 retroactive, but that factor is not entitled to great weight because the Commission has sometimes made substantive amendments retroactive. *See, e.g., Hughes v. United States*, 584 U.S. 675, 684 (2018) (discussing Amendments 782 and 788, which together gave retroactive effect to the reduction of base offense levels for most drug offenses); *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008) (discussing Amendments 706 and 713, which together gave retroactive effect to the reduction of base offense levels for crack cocaine offenses).

We recognize that in a similar case the Seventh Circuit has remanded for resentencing. *See United States v. Claybron*, 88 F.4th 1226, 1231 (7th Cir. 2023). But that path is not open to us because our precedent teaches that "[s]ubstantive amendments to the [Sentencing] Guidelines . . . are not applied retroactively on direct appeal." *Jerchower*, 631 F.3d at 1184.

This does not mean that Mr. Robinson is left without a remedy. He has filed a motion in the district court to reduce his sentence through application of the amended § 4A1.1(e), and the district court has appointed the Federal Defender's Office to represent him. *See* 18 U.S.C. § 3582(c); D.E. 67; D.E. 71. Once this appeal is concluded the district court can take up Mr. Robinson's motion.

### III

We affirm Mr. Robinson's sentence.

**AFFIRMED.**