UNITED STATES of America, Plaintiff-Appellee,

v.

Curtis Leroy OWENS, Defendant-Appellant.

No. 72-2567.

United States Court of Appeals, Fifth Circuit.

March 30, 1973.

scious and the officers acted in good faith to prevent further harm to him. This case bears no resemblance to Rochin v. California, 1952, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183.

We hold, therefore, that the district court did not err in overruling the defendant's motion to suppress the evidence. See Rener v. Beto, 5 Cir. 1971, 447 F.2d 20.

The judgment is affirmed.

John B. McAdams, Dallas, Tex., court appointed, for defendant-appellant.

William S. Sessions, U. S. Atty., Joel D. Conant, Asst. U. S. Atty., San Antonio, Tex., Ronald F. Ederer, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before WISDOM, GEWIN and COLEMAN, Circuit Judges.

PER CURIAM:

The defendant, Owens, appeals from his non-jury conviction for possession of heroin in violation of 21 U.S.C. § 844(a).

There is no reason to explore the dimensions of "probable cause" in airport arrests and searches. Here Owens voluntarily agreed to accompany Customs Security Officer Harris to the office of Customs Patrol Officer Castro. Apparently Owens panicked, knocked down Castro, put a cellophane package in his mouth, and began to run away. At this point there was probable cause to arrest Owens and remove the package from his mouth. It was heroin.

Owens cannot complain that his rights were violated by his being taken to a hospital where a stomach pump was used to extract heroin. At the time he appeared to be unconscious or semi-con-