**UNITED STATES of America**

v.

**Leon CLAYBORN and Judy Brown Evans.**

**Crim. No. SA74CR90.**

United States District Court,
W. D. Texas,
San Antonio Division.

Nov. 7, 1974.

William S. Sessions, U. S. Atty., Joel D. Conant, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

Oscar C. Gonzalez, San Antonio, Tex., for defendant.

## JUDGMENT AND ORDER

SPEARS, Chief Judge.

The defendant Judy Brown Evans was charged with knowingly, unlawfully and intentionally possessing with intent to distribute approximately 161.4 grams of heroin, a Schedule I Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); and the defendant Leon Clayborn was charged with knowingly, unlawfully, and intentionally aiding, abetting, counseling, commanding, inducing and procuring the commission of said offense, in violation of Title 18, United States Code, Section 2. Both defendants entered pleas of "Not Guilty", and waived their right to a jury trial. The question of the guilt or innocence of each defendant is, therefore, before the Court for determination.

■ On September 16, 1974, this Court held that the law enforcement officers had probable cause to conduct the search of the person of Judy Brown Ev-

ans on October 3, 1973; therefore, the finding of the heroin on her person pursuant to said search, was and is admissible as evidence against her. The result of the search, coupled with the actions of said defendant in embarking on an airplane trip to Tucson, Arizona with the defendant Leon Clayborn on October 2, 1973 and returning on October 3, 1973, without any luggage on either occasion, constitutes more than sufficient proof beyond a reasonable doubt to warrant this Court in finding that said defendant Judy Brown Evans is guilty of the lesser offense of possession of heroin in violation of 21 U.S.C. § 844(a), and the Court so finds. See United States v. Owens, 344 F.Supp. 1355 (W. D.Tex.1972). However, such evidence was insufficient to prove beyond a reasonable doubt that said defendant Judy Brown Evans intended to distribute the heroin then found in her possession. She was not required to produce any evidence to prove her innocence, and this Court cannot infer from her failure to do so, or from the evidence presented by the Government, that the amount of heroin involved was possessed with intent to distribute. This was a burden that the Government may have been able to satisfy, if it had chosen to do so, but the fact remains that it did not so choose.[1]

■ Furthermore, the Court is of the opinion that the Government has not presented evidence sufficient to prove beyond a reasonable doubt that the defendant Leon Clayborn knowingly, unlawfully, and intentionally aided, abetted, counseled, commanded, induced and procured the possession of said quantity of heroin by Judy Brown Evans. The

[1]. In United States v. Owens, supra, 344 F. Supp. 1355 (W.D.Tex.1972), this Court undertook to point out in footnote 2 several facts that might possibly be proved to show that contraband was possessed by a defendant with intent to distribute the same. Among other things, mention was made that competent evidence might be presented to prove that the amount possessed was a commercial quantity; or that its consumption by the defendant within any reasonable period was unlikely. Significantly, as indicated, no attempt whatever was made to make such

proof in the case now before the Court, and since the burden was on the Government to do so, the most reasonable inference to draw is that the evidence to that effect was unavailable. This Court gave fair warning in *Owens* that it will not, as the trier of fact, guess a defendant into the penitentiary anymore than it will permit a jury to do so. Proof beyond a reasonable doubt as to each and every element of an offense charged remains the standard to which this Court will adhere in the trial of all criminal cases.

record here is strangely silent concerning the activities of either of the defendants while they were in Tucson; yet the Government had advance information in detail as to what the defendants intended to accomplish on the trip, and surveillance of both defendants was conducted in San Antonio both before their departure for Tucson and after their return. As a result of this surveillance, evidence was found that the defendant Leon Clayborn purchased airline tickets for himself and Judy Brown Evans for the trip to Tucson, and that he accompanied her to and from Tucson without any luggage. Under the circumstances, this Court cannot help but wonder why surveillance of the two defendants was not conducted in Tucson as well. In any event, the search of the person of the defendant Leon Clayborn, and the subsequent search of his residence at 510 North Walters, did not result in the discovery of any contraband. Clearly the evidence is insufficient to prove beyond a reasonable doubt that the defendant Leon Clayborn had the requisite knowledge to sustain a conviction under 18 U. S.C. § 2. Therefore, the Court finds the defendant Leon Clayborn not guilty as charged.

It is so ordered.