UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Gregory HAROLD, Jr.
and Tom Martin Barber,
Defendants-Appellants.

No. 75–4012
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 12, 1976.

Rehearing Denied July 21, 1976.

Ralph Huthmacher, John J. Heisler, Jr., Donald E. Ervin, Houston, Tex., for Harold.

Ed Shaw, Houston, Tex., for Barber.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Mary L. Sinderson, George A. Kelt, Jr., Michael J. Brown, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

* Rule 18, 5th Cir., *Isbell Enterprises, Inc. v. Citizens Cas. Co.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellants were waiting in a car at Houston Intercontinental Airport while Patricia Barber picked up an air freight package addressed to her husband Tom Barber. All three were arrested as Patricia returned to the car with the package, which contained 160 balloons filled with heroin. They were charged with possession with intent to distribute and aiding and abetting, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2; all three were convicted. Patricia Barber does not appeal her conviction. Tom Barber and Richard Harold contend the government presented insufficient evidence to support the court's finding of constructive possession.

In determining the sufficiency of the evidence to support a conviction, all the evidence and reasonable inferences therefrom must be viewed in a light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The function of the reviewing court is to determine whether "reasonable minds could conclude that the evidence is inconsistent with the hypothesis of the accused's innocence." *United States v. Warner*, 441 F.2d 821, 825 (5th Cir.), cert. denied, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971). Constructive possession has been defined as exercising dominion or control over the proscribed substance. *United States v. Mendoza*, 433 F.2d 891 (5th Cir. 1970). The fact that the package containing the heroin was addressed to Tom Barber, and that his wife picked it up apparently as his agent while he waited outside in his car, is enough to indicate sufficient dominion and control by Tom Barber to support the finding of constructive possession. His conviction under 21 U.S.C. § 841(a)(1) is AFFIRMED.

Richard Harold's presence at the airport at the time the heroin was delivered is not enough to establish his possession. "Mere presence in the area where the narcotic is discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession." *United States v. Stephenson*, 474 F.2d 1353, 1355 (5th Cir. 1973). The facts of this case are similar to those in *United States v. Ferg*, 504 F.2d 914 (5th Cir. 1974), where the only evidence linking the defendant with the seized narcotic was the fact that he had been a passenger in the car where it was concealed. This court held that relying on Ferg's "mere presence" the government "failed to prove that Ferg had ever maintained possession of the contraband or had any intention of participating in the distribution of it. . . . We do not accept the government's apparent invitation to infer guilt by association." 504 F.2d at 917. Harold's presence in the Barbers' car at Houston Intercontinental Airport does not establish constructive possession of the heroin. *United States v. Martin*, 483 F.2d 974 (5th Cir. 1973). Without additional evidence of Harold's dominion or control over the package, the conviction for 21 U.S.C. § 841(a)(1) cannot stand. The trial court's finding of a "working relationship" between Harold and the Barbers is simply unsupported by the evidence.

We reject out of hand the government's contention that because Harold went to the airport "for a fix" he is guilty as a recipient of aiding and abetting the distribution of heroin, 18 U.S.C. § 2. To aid and abet one must actively participate in the illegal venture. *United States v. Anthony*, 474 F.2d 770 (5th Cir. 1973). The illegal venture here was distribution of heroin. To distribute means to deliver. 21 U.S.C. § 802(11); it does not mean to receive. It is not necessary to "sell" contraband to aid and abet its distribution, *United States v. Johnson*, 481 F.2d 645 (5th Cir. 1973), but to participate actively in the distribution of heroin to others one must do more than receive it as a user. "Certainly, some additional evidence showing 'intent to distribute' is necessary in a situation of this kind to support a conviction under Section 841(a)(1)." *United States v. Owens*, 344 F.Supp. 1355, 1356 (W.D.Tex.1972), aff'd, 475 F.2d 759 (5th Cir.

1973); *United States v. Clayborn*, 383 F.Supp. 1186 (W.D.Tex.1974). Even believing Harold's statement to agent Tiffin that he needed a fix and that he knew the package contained heroin, the government has failed to prove Harold had any "intent to distribute." Nor is he guilty of the lesser included offense of possession of heroin, 21 U.S.C. § 844(a), where the government has failed to establish any dominion or control over the package. Harold's conviction must be REVERSED.