**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dudley P. HARDY,
Defendant–Appellant.**

No. 88–3777.

United States Court of Appeals,
Eleventh Circuit.

March 8, 1990.

Bradley R. Stark, Miami, Fla., for defendant-appellant.

Joseph Magri, U.S. Attorney, Charles L. Truncale, Asst. U.S. Atty., Jacksonville, Fla., and Mervyn Hamburg, Appellate Section, Crim.Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before COX and VANCE *, Circuit Judges, and EDENFIELD **, District Judge.

EDENFIELD, District Judge:

Dudley P. Hardy was indicted on February 11, 1988 in the Middle District of Florida. Count I charged him with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. section 846.[1] Count II charged him with distribution of cocaine to James Ronald Kelley in violation of 21 U.S.C. section 841(a)(1).[2] The jury found Hardy guilty of Count I but acquitted him of Count II, and the court sentenced him to seven years imprisonment. Hardy appeals his conviction, claiming that the evidence was insufficient to prove that he participated in a conspiracy to distribute, or to possess with intent to distribute, cocaine.[3]

---

* Judge Robert S. Vance was a member of the panel which heard oral argument but due to his death on December 16, 1989, did not participate in this decision. This case is decided by a quorum. *See* 28 U.S.C. § 46(d).

** Honorable B. Avant Edenfield, U.S. District Judge for the Southern District of Georgia, sitting by designation.

1. 21 U.S.C. section 846 reads:

   Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

2. 21 U.S.C. 841(a)(1) reads in part:

   [I]t shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

Count III of the indictment charged Hardy with aiding and abetting the distribution of cocaine in violation of 21 U.S.C. section 841(a)(1) and 18 U.S.C. 2(a). On May 25, 1988, the district court dismissed this count on motion of the government.

3. In addition to his insufficient evidence allegation, appellant also claims that his trial was flawed in a number of other respects, including the following: 1) the government sought to prove facts at trial that varied with the facts alleged in the indictment, 2) the trial court denied Hardy's motion for a bill of particulars, 3) the court admitted certain Fed.R.Evid. 404(b) evidence concerning prior bad acts which prejudiced appellant, 4) the prosecution prejudicially bolstered a government witness, 5) jurors engaged in misconduct, 6) the district court denied Hardy's motion for a new trial based on newly discovered evidence, 7) the prosecution revealed to the jury appellant's intent to exercise his fifth and sixth amendment rights, and 8) the court failed to "individualize" appellant's sentence. Given our determination that Hardy's convic-

## BACKGROUND

At the time of the indictment, Hardy lived and practiced law in Starke, Florida. For a number of years, he served as the County Attorney for Bradford County, Florida.[4] From 1982 through 1986, Hardy was a regular user of cocaine, and he often hosted parties at his home where his guests would consume cocaine. Known drug suppliers and county officials were regular participants in these festivities.

Between 1985 and 1986, federal and state officials began an investigation of drug activity in Bradford County. They enlisted the help of John Blaine Thompson, a friend of Hardy's who had attended the parties at Hardy's home. Thompson was equipped with a recording device, and he obtained evidence against thirty people, including Hardy, who were later indicted on drug charges.

At Hardy's trial, the prosecution called fifteen of his friends and acquaintances as witnesses. Most of these witnesses had been indicted and were testifying in return for favorable prosecutorial treatment.[5] Although the majority of the witnesses stated that they had consumed cocaine in Hardy's home and knew he was a drug user, none identified Hardy as a drug dealer. At trial, there was no evidence that Hardy possessed more than an eighth of an ounce of cocaine at one time or that he had ever earned money through the sale of narcotics.

## DISCUSSION

Our nation is becoming increasingly aware of the scourge of drug abuse in our society and the irreparable damage which results from such abuse. The "war on drugs" commands growing attention and resources at all levels of government. As part of its efforts to stem the tide of drug abuse, the federal government has been vigorously prosecuting those who violate the drug laws. Such vigorous prosecution is an admirable example of the government's ability to respond to the needs of its citizens. However, even when the passions of the public are running high, those accused of crimes retain their rights, and the courts must be vigilant to protect those rights by carefully enforcing congressional mandates and by holding the government to its burden of proof.

In passing the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. sections 801–966 (1982) ("the Act"), of which section 846 is a component, Congress differentiated between drug distribution and personal drug abuse. Congress mandated severe penalties for drug distribution, reflecting legislative sentiment that commercial trafficking and drug distribution had the dangerous effect of drawing others into the web of drug abuse.[6] *United States v. Swiderski*, 548 F.2d 445, 450 (2nd Cir.1977). In contrast, the Act emphasizes rehabilitation for the personal drug abuser.[7] *Id; see also* 1970 U.S. Code Cong. & Ad.News 4566, 4570. In reviewing narcotics convictions, the

---

tion was not supported by sufficient evidence and therefore must be reversed, we need not address the merits of his other contentions.

**4.** Hardy was dismissed as the County Attorney after arranging bond for John Blaine Thompson, a drug user and dealer in the Bradford County area.

**5.** Some of the witnesses were granted immunity in return for their testimony. In other cases, the witnesses pled guilty to a drug charge, and the government agreed to ask the sentencing judge for leniency.

**6.** 21 U.S.C. section 841(b) provides that persons who distribute drugs or possess drugs with the intent to distribute can be sentenced up to thirty

years and fined up to $50,000.00, depending upon the drug distributed and the number of offenses previously committed by the individual.

**7.** 21 U.S.C. section 844 states that a person convicted of simple possession is guilty of a misdemeanor punishable by up to one year imprisonment and up to $5,000.00 in fines. Section 844 gives the sentencing court the discretion to defer proceedings against first time offenders and place them on probation to enable them to obtain treatment for their drug abuse problem. If the offender does not violate the terms of his probation, the court is authorized by statute to discharge the individual and expunge the charge from his record. 21 U.S.C. section 844(b)(1)—(2).

Court must be careful to maintain the distinction, created by Congress in the statute, between distribution and personal drug abuse.

In the instant case, Hardy was found guilty of conspiring to distribute, or possess with intent to distribute, cocaine under 21 U.S.C. section 846. He claims that the evidence presented at trial is insufficient, as a matter of law, to sustain his conspiracy conviction.

In determining the sufficiency of the evidence, the Court is bound by the standard set out in *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983): [8]

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence.

The verdict must be sustained if there is substantial evidence to support it when the facts are viewed in the light most favorable to the government. *United States v. Davis*, 666 F.2d 195, 201 (5th Cir. Unit B 1982).

To establish a violation of 21 U.S.C. section 846, the government must prove that two or more persons agreed to violate the narcotics laws and that the defendant was a knowing participant in the agreement. *United States v. Pintado*, 715 F.2d 1501, 1503 (11th Cir.1983). In this case, Hardy was charged with conspiracy to distribute, or to possess with intent to distribute, cocaine. The testimony presented at trial demonstrated: 1) that Hardy regularly hosted parties attended by drug users and suppliers; 2) that he frequently consumed cocaine; 3) that he helped James Kelley purchase an eighth of an ounce of cocaine for their joint personal use; [9] and 4) that he gave a small amount of cocaine to a house guest on one occasion.

The government asks us to infer from these facts that Hardy entered into a prior agreement with other unnamed persons to distribute cocaine and to affirm his conspiracy conviction on that basis. Affirming Hardy's conspiracy conviction on the evidence presented at trial would require the Court to engage in speculation and would effectively ignore the statutory distinction between distribution and simple possession.

The evidence demonstrates that Hardy possessed narcotics and regularly consumed them. As noted previously, there was evidence that, on one occasion, Hardy and James Kelley jointly obtained and used an eighth of an ounce of cocaine. That Hardy possessed and shared a small amount of cocaine is an insufficient basis for the inference that Hardy intended to distribute cocaine or entered into an agreement to do so. *See United States v. Bailey*, 691 F.2d 1009, 1019 n. 3 (11th Cir.1982); *United States v. Owens*, 344 F.Supp. 1355, 1356 (W.D.Tex.1972), *aff'd*, 475 F.2d 759 (5th Cir.1973). There was no evidence that Hardy possessed drug dilutants, drug packing paraphernalia, large quantities of money, or other items that would support the inference that Hardy intended to distribute cocaine, rather than consume it himself. *See United States v. Franklin*, 728 F.2d 994, 999–1000 (8th Cir.1984) (possession of a small amount of a drug generally insufficient to allow the inference of an intent to distribute).[10] Joint possession of a con-

---

**8.** In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir.1982), this Court adopted all post-September 30, 1981 decisions of Unit B of the former Fifth Circuit as binding precedent.

**9.** The purchase of cocaine with James Kelley was the basis for Count II of the indictment charging Hardy with distribution. The jury acquitted him of this charge. However, Kelley's testimony may be considered as circumstantial evidence of Hardy's participation in a distribution conspiracy, even though the jury found the testimony insufficient to establish guilt beyond a reasonable doubt on the substantive distribution charge.

**10.** Possession of a large quantity of a controlled substance will allow the inference that the possessor intended to distribute cocaine. *Franklin, supra* at 998; *United States v. DeLeon*, 641 F.2d 330, 335 (5th Cir.1981) (possession of 294 grams of cocaine sufficient to infer an intent to distribute).

trolled substance, in and of itself, does not prove a conspiracy to distribute. *See United States v. Swiderski,* 548 F.2d 445, 450 (2d Cir.1977) (when two persons jointly acquire narcotics intending to consume it themselves, their crime is personal drug abuse).

In addition, the testimony offered at trial concerning Hardy's transfer of a small amount of cocaine to a guest in his home cannot support the conclusion, beyond a reasonable doubt, that Hardy had entered into an agreement to distribute cocaine. Proof of an isolated instance of distribution does not establish a "prior contemporaneous agreement" to distribute narcotics. *United States v. Burroughs,* 830 F.2d 1574, 1581 (11th Cir.1987); *see also United States v. Tyler,* 758 F.2d 66, 69 (2d Cir. 1985) (evidence that defendant helped a buyer find a willing seller insufficient to sustain a conviction for conspiracy). Some proof of such an agreement is necessary to sustain a conviction under 21 U.S.C. section 846.

The bulk of the evidence against Hardy showed that he used cocaine and that he associated with other drug consumers and drug suppliers. However, "mere association" with those involved with drugs is insufficient to demonstrate that Hardy was a party to an agreement to distribute cocaine. *Burroughs,* 830 F.2d at 1581, quoting *United States v. DeSimone,* 660 F.2d 532, 537 (5th Cir. Unit B 1981). "Conspiracy law is not a dragnet for apprehending those with criminal dispositions." *United States v. Grassi,* 616 F.2d 1295, 1301 (5th Cir.1980).[11]

Hardy's conduct, especially given his status as a community leader and former county attorney, is reprehensible. However, our responsibility is to ensure that the government has shouldered its burden and adequately proved its case. Here, the government has offered no direct evidence of Hardy's participation in a distribution conspiracy. To infer an agreement from the circumstantial evidence presented at

trial would require conjecture and innuendo, not a basis upon which this Court can rely to sustain a conspiracy conviction. *United States v. Palacios,* 556 F.2d 1359, 1365 (5th Cir.1977). The government must do more than prove that Hardy's participation in a distribution conspiracy is possible or even plausible. It must prove his guilt beyond a reasonable doubt. In this case, the government has not carried its burden.

Because the evidence is insufficient to sustain Hardy's conviction of conspiracy to distribute, or to possess with intent to distribute, cocaine, we REVERSE.

---

**11.** In *Bonner v. City of Pritchard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.