[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 17, 2006
THOMAS K. KAHN
CLERK

No. 05-12832
Non-Argument Calendar

_____

D. C. Docket No. 04-10027-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN STICKEL,
ONELIO RODRIGUEZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 17, 2006)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellants John Stickel and Onelio Rodriguez appeal their convictions for

(1) conspiring with one another to possess with intent to distribute 5 grams or more

of cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846; and (2) possessing with intent to distribute 5 grams or more of crack cocaine, in violation of § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.  On appeal, they argue that (1) the district court abused its discretion by admitting evidence of their prior bad acts; (2) the government's evidence presented at trial was insufficient to support their convictions; and (3) the district court abused its discretion refusing to instruct the jury that a defendant cannot conspire with government agents and as to lesser-included offenses.

## I. *Prior bad acts evidence*

Appellants argue that, because there was direct evidence that Rodriguez retrieved crack from a drug supplier, his conduct was not open to an innocent explanation, and, thus, the admissions of: (1) Detective Lance Franklin Cohens's testimony that he knew that an individual named "Flacco," who later was identified as Rodriguez, had been named as a narcotics supplier; and (2) Rodriguez's prior convictions for simple possession and Stickel's prior conviction for attempting to purchase cocaine were unnecessary to show their intent.  They point out that they had no notice, prior to trial, of the government's intent to introduce Cohens's testimony about Flacco.

We "review a district court's evidentiary rulings for abuse of discretion."

2

*United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992). Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided" by law. Fed. R. Evid. 402. Evidence is intrinsic if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). We have also stated that

> [e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if [it is] linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*Id.* (quoting *United States v. Wilford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts, is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Even then, "[t]o be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury

3

determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403." *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "'Rule 403 is an extraordinary remedy which the district court should use sparingly' and '[t]he balance . . . should be struck in favor of admissibility.'" *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) (quoting *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989)).

Because the record demonstrates that (1) testimony that Rodriguez previously had been named as a source of supply was intrinsic evidence relating to the story of the investigation of Rodriguez and was not unfairly prejudicial; and (2) extrinsic evidence of appellants' prior drug-related convictions were relevant to their intent, which was at issue in the case, and any prejudice was alleviated by a limiting instruction, we conclude that the district court did not abuse its discretion by admitting the evidence.

4

## II. *Sufficiency of the evidence*

Appellants argue that insufficient evidence supported their conspiracy convictions, as there was no evidence that Stickel, who was merely present at the scene and lent Rodriguez his car for a short period of time, had any communications with Rodriguez demonstrating an agreement between them. Stickel argues that, although there was evidence that he vouched for the reliability of Rodriguez as a drug dealer and was familiar with controlled substances, such evidence only proved that he associated with Rodriguez and knew about the illegal nature of the activity. He contends that, furthermore, there was no evidence of a single, unified conspiracy, pointing out that the evidence, instead, showed that Stickel attempted to make a drug sale of his own.

Rodriguez also contends that, because the evidence showed that he was a homeless person who was running an errand with the intent only to procure a small amount of crack to smoke himself, insufficient evidence supported his conviction for possession with intent to distribute crack. Regarding his substantive conviction, Stickel argues that the evidence that he was familiar with controlled substances, had knowledge of the illegal transaction that was occurring, lent Rodriguez his car, and waited for Rodriguez to return, without additional evidence that he communicated with Rodriguez, was insufficient to convict him of

5

possession with intent to distribute cocaine, even under an aiding and abetting theory. Furthermore, he argues that, because the drugs were in his car only for a short period of time while they were being transported by another person in connection with someone else's drug deal, he never had dominion or control over the drugs such that he was in constructive possession of them.

We review the district court's denial of a motion for a judgment of acquittal *de novo*, viewing the facts and drawing all inferences in the light most favorable to the government. *United States v. Descent*, 292 F.3d 703, 706 (11th Cir. 2002). To affirm the denial of a Rule 29 motion, we "need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." *Id.* (internal citation omitted). "The evidence may be sufficient though it does not 'exclude every reasonable hypothesis of innocence or [is not] wholly inconsistent with every conclusion except that of guilt. . . . A jury is free to choose among reasonable constructions of the evidence.'" *United States v. Montes-Cardenas*, 746 F.2d 771, 778 (11th Cir. 1984) (quoting *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (en banc)).

A. *Conspiracy Count*

To sustain a conviction for conspiracy to possess cocaine base with intent to distribute, the government must prove that (1) an agreement existed between at

6

least two people, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly and voluntarily became a part of the conspiracy. *United States v. Andrews*, 953 F.2d 1312, 1318 (11th Cir. 1992) (citation omitted). The government does not need to prove the existence of a formal agreement, but rather may rely on circumstantial evidence to show "a meeting of the minds to commit an illegal act." *United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998) (internal quotations and citations omitted). "A defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy." *United States v. Bain*, 736 F.2d 1480, 1485 (11th Cir. 1984) (citation omitted).

Mere association with individuals involved with drugs is insufficient to prove that a conspiracy to distribute drugs exists. *United States v. Hardy*, 895 F.2d 1331, 1334-35 (11th Cir. 1990). Additionally, although presence is a permissible factor to be considered in determining whether a defendant conspired with another, "it is well settled that mere presence will not support a conviction." *United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002). "Mere presence, guilty knowledge, even sympathetic observation" and close association with a co-conspirator are insufficient, without more, to support a conviction for conspiracy to distribute drugs. *United States v. Lyons*, 53 F.3d 1198, 1201 (11th Cir. 1995). Yet,

7

such factors may raise a permissible inference of participation in a conspiracy, which the jury may consider as a "material and probative factor . . . in reaching its decision." *United States v. Hernandez*, 896 F.2d 513, 518 (11th Cir. 1990), *holding modified on other grounds by*, *Toler*, 144 F.3d at 1426 n.3. Finally, a defendant may be culpable even if he played only a minor role in the conspiracy, since a conspirator need not know the details of each act making up the conspiracy. *United States v. Parrado*, 911 F.2d 1567, 1571 (11th Cir. 1990).

Because the record evidence established that Stickel and Rodriguez agreed to work together to sell cocaine base, and that Stickel voluntarily took actions to ensure the drug deal's success, we conclude that sufficient evidence supported their conspiracy convictions.

B. *Substantive Count*

"In order to obtain a conviction under 21 U.S.C. § 841(a)(1), the [g]overnment must establish the existence of three elements: (1) knowledge (of one's possession); (2) possession of a controlled substance; and (3) intent to distribute that substance." *United States v. Wilson*, 183 F.3d 1291, 1299 n.13 (11th Cir. 1999). We have noted that "[a]ll three elements can be proven by either direct or circumstantial evidence." *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989). "Evidence of surrounding circumstances can prove knowledge."

*United States v. Alvarez*, 837 F.2d 1024, 1027 (11th Cir. 1988). "Possession may be actual or constructive, and the latter can be established by evidence showing ownership, dominion, or control over the contraband itself or the premises on which it is concealed." *Montes-Cardenas*, 746 F.2d at 778. "[M]ere ownership of a vehicle containing contraband is insufficient to constitute constructive possession." *United States v. Barrera*, 547 F.2d 1250, 1256 (5th Cir. 1977). "Constructive possession may be shared with others, and can be established by circumstantial or direct evidence." *Montes-Cardenas*, 746 F.2d at 778.

Appellants were also charged with violating 18 U.S.C. § 2, which provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." *See* 18 U.S.C. § 2(a). In order to convict a defendant on an aiding and abetting theory, the government must prove that "the defendant (1) associated himself with the crime, (2) intended to bring it about, and (3) sought by his actions to make it succeed." *United States  v. Kelly*, 888 F.2d 732, 742 (11th Cir. 1989). "To prove a charge of aiding and abetting possession of drugs with intent to distribute, the [g]overnment must connect the defendant to both aspects of the crime: possession and intent to distribute." *Id.* Because 18 U.S.C. § 2 does not "establish a separate crime, . . . [but] merely permits one who aids and abets the

9

commission of a crime to be punished as a principal, . . . [a]n individual . . . may be indicted as a principal for the commission of a substantive crime and convicted upon evidence that he or she aided and abetted only." *United States v. Walser*, 3 F.3d 380, 388 (11th Cir. 1993) (internal quotations and citations omitted).

Because the evidence showed that Rodriguez purposefully drove to Stock Island to procure crack cocaine and then sold the entire amount to a confidential informant, we conclude that the evidence was sufficient to prove his knowing possession of the drugs with the intent to distribute. In addition, because the evidence established that Stickel lent Rodriguez his car, knowing that he was going to use it to procure drugs, and took actions to make sure that the drug deal was completed, we conclude that substantial evidence supported his conviction for aiding and abetting Rodriguez's possession with intent to distribute crack cocaine.

### III. *Jury Instructions*

Finally, Rodriguez argues that, because there was a factual basis in the record to support each of his requested instructions, the district court's failure to give the instructions was reversible error. Stickel argues that, because there was evidence raising some doubt as to whether Stickel participated in the conspiracy, the district court's refusal to instruct the jury that a person cannot conspire with a government informant was reversible error. He argues that the instruction went to

10

the heart of his theory that he did not enter into the conspiracy and that the general conspiracy instruction given by the district court did not cover his theory.

We "review a district court's refusal to give a requested jury instruction for abuse of discretion." *United States v. Fulford*, 267 F.3d 1241, 1245 (11th Cir. 2001). We will only find reversible error if "(1) the requested instruction correctly stated the law; (2) the actual charge to the jury did not substantially cover the proposed instruction; and (3) the failure to give the instruction substantially impaired the defendant's ability to prepare an effective defense." *Id.* Moreover, a district court is "vested with broad discretion in formulating his charge to the jury so long as it accurately reflects the law and the facts." *United States v. Silverman*, 745 F.2d 1386, 1395 (11th Cir. 1984). A "defendant is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir. 1986) (emphasis in original).

A. *Instruction regarding conspiring with a government agent*

"[A]s it takes two to conspire, there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy." *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965). When the defendant requests a

11

*Sears* instruction, and there is a proper foundation, failure to give a *Sears* instruction constitutes reversible error. *See Lively*, 803 F.2d at 1126-28. In *Lively*, where the indictment charged that the defendant had conspired with a named co-conspirator, who later became a government informant, and also with "one or more other persons unknown to the grand jury," we determined that, since, without the instruction, it was possible that the jury concluded that the defendant and the named co-conspirator "conspired" during a time when he was a government informant, the failure to give the instruction impaired the defense. 803 F.2d at 1126-1127.

Because the indictment charged that Rodriguez and Stickel conspired with each other, the jury necessarily had to determine either that Stickel and Rodriguez conspired together, or they did not, any instruction about conspiring with government agents would have been superfluous, and the district court did not abuse its discretion by declining to give the instruction.

B. *Instruction regarding lesser included offenses*

The Supreme Court has held that a defendant is "entitled to an instruction on a lesser included offense if the evidence would permit a rational jury to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208, 93 S. Ct. 1993, 1995, 36 L. Ed. 2d 844 (1973). "In the specific

12

context of possession and distribution of drugs, this [Court] has held that where the factual issues are the same for both the lesser offense of possession and the greater offense of distribution, the instruction on possession is not required." *United States v. Catchings*, 922 F.2d 777, 780-81 (11th Cir. 1991).

Because we conclude from the record that a rational jury could not have found that Rodriguez possessed the drugs, but did not distribute them, or that Stickel aided and abetted only the possession of the drugs, it was not an abuse of discretion for the district court to refuse to give an instruction on the lesser-included offense of simple possession.

For the foregoing reasons, we affirm Stickel and Rodriguez's convictions.

**AFFIRMED.**