[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13950
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00090-CR-T-23-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULES P. GACHETTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2010)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jules Gachette appeals his convictions for distribution of cocaine base within 1,000 feet of a playground, and distribution of 5 grams or more of cocaine base, both in violation of 21 U.S.C. § 841(a)(1). He asserts that there was insufficient evidence to prove, beyond a reasonable doubt, that he was in fact the individual involved in the charged crimes, since the undercover detectives did not arrest him immediately upon purchasing the drugs, the detectives' description of the perpetrator did not match his physical description, and he was identified in part with a mug shot and a driver's license photo some time after the drug purchase. Upon review of the record and consideration of the parties' briefs, we affirm.

We review *de novo* whether there is sufficient evidence to support a jury's verdict, viewing the evidence "in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997). As this Court has observed:

> "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among the constructions of the evidence."

Id. (quoting United States v. Hardy, 895 F.2d 1331, 1334 (11th Cir. 1990)).

"'[C]redibility determinations are the exclusive province of the jury,'" and

2

we must accept them unless the testimony is incredible as a matter of law.  Id. at 1325 (quoting United States v. Parrado, 911 F.2d 1567, 1571 (11th Cir. 1990)).  A witness's testimony is considered incredible as a matter of law only if it is "unbelievable on its face," in that it relates to "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature."  Id. (internal quotation marks and alteration omitted).

To convict a defendant of distribution of cocaine base, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally distributed or dispensed cocaine base.  21 U.S.C. § 841(a)(1).

Three undercover detectives testified that they witnessed Gachette involved in one or both of the charged drug transactions.  Each testified that he had no doubt that Gachette was the individual who on each occasion sold the substance later identified as crack cocaine.  Because the detectives' testimony was not incredible as a matter of law, we must accept the jury's determination that the testimony was credible.  See Calderon, 127 F.3d at 1325.  Viewing the evidence in the light most favorable to the government and drawing all credibility determinations in the government's favor, we conclude that there was sufficient evidence for a reasonable trier of fact to find beyond a reasonable doubt that Gachette knowingly

and intentionally distributed cocaine base within 1,000 feet of a playground, and that he distributed 5 grams or more of cocaine base on a separate occasion.

**AFFIRMED.**