[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14037
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cr-00305-KD-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHUONG VAN DUONG,
a.k.a. Bing,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(October 17, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Chuong Van Duong appeals his convictions and total 188-month sentence

following jury trials for conspiracy to possess with intent to distribute a substance containing crack cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and two additional counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  No reversible error has been shown; we affirm.

Duong first argues that the evidence at trial was insufficient for the jury to conclude beyond a reasonable doubt that he conspired to distribute crack cocaine. He maintains that the government failed to show the existence of an illegal agreement to distribute drugs, and he says that the evidence at most proved a conspiracy to possess jointly and to use crack cocaine.

We review challenges to sufficiency of the evidence de novo.  United States v. Klopf, 423 F.3d 1228, 1236 (11th Cir. 2005).  We view the evidence in the light most favorable to the government and draw all reasonable inferences and credibility choices in favor of the jury's verdict.  Id.  A defendant's own testimony, if disbelieved by the jury, can be considered as substantive evidence of the defendant's guilt.  United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009).

To convict a defendant of conspiracy under section 846, the government must prove beyond a reasonable doubt (1) an agreement between the defendant

2

and at least one other person, (2) the object of which was to violate the narcotics laws. United States v. Toler, 144 F.3d 1423, 1426 (11th Cir. 1998). The government can prove these elements by circumstantial evidence and need not demonstrate the existence of a formal agreement. Id. But a conspiracy conviction cannot be based on "conjecture and innuendo;" and the government does not meet its burden by merely proving that a defendant's participation in a conspiracy is possible or even plausible. United States v. Hardy, 895 F.2d 1331, 1335 (11th Cir. 1990).

Based on the whole evidence -- Duong's use of a drug courier, his pooling of funds with others to buy crack cocaine in bulk, and his implicit agreement with Diem Nguyen for her to bring customers to him to buy crack cocaine -- was more than sufficient to convict Duong of a distribution conspiracy. Diem -- who agreed to cooperate with the government in return for more lenient treatment on her own drug distribution charges -- testified that she brought customers to Duong's home to purchase crack cocaine on at least ten separate occasions and that she occasionally received compensation from the customers for this service. As a result, Diem helped further Duong's drug distribution business.

Duong himself testified that he purchased crack cocaine through a "runner" named Dang Nguyen, who would purchase the drugs for him up to three times a

3

week.  Although no testimony stated that Dang was involved in distributing the crack cocaine, the jury could have reasonably inferred from his frequent trips to and his presence at Duong's house that Dang knew that Duong sold some of the crack cocaine purchased from him.  See United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001) (noting that, the jury is free to choose among reasonable constructions of the evidence).

While Duong's drug-distribution business mainly consisted of a one-man operation, sufficient evidence allowed the jury to infer reasonably the existence of an agreement with a joint criminal objective between Duong and at least one other person.  See United States v. Mercer, 165 F.3d 1331, 1335 (11th Cir. 1999) (noting that, an "agreement may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to the purchaser").  Viewing the evidence in the light most favorable to the jury's verdict and resolving all credibility determinations in support of that verdict, sufficient evidence supports Duong's conviction for conspiracy to possess with intent to distribute crack cocaine.

Duong next argues that the district court erred in applying a role enhancement at sentencing, pursuant to U.S.S.G. § 3B1.1(c).  He says the court placed undue emphasis on Duong's use of the term "runner" to describe the person

4

through whom he purchased crack cocaine, as opposed to considering evidence about the person's actual role.  The district court's determination of a defendant's role in an offense is a factual finding that we review for clear error.  United States v. Ramirez, 426 F.3d 1344, 1355 (11th Cir. 2005).

Section 3B1.1(c) provides for a two-level increase in a defendant's offense level if he was "an organizer, leader, manager, or supervisor in any criminal activity . . .."  U.S.S.G. § 3B1.1(c).  "[T]he assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement."  United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000).  Factors to consider in determining whether the defendant qualifies for the section 3B1.1(c) role enhancement include (1) the exercise of decision-making authority; (2) the nature of participation; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others.  U.S.S.G. § 3B1.1, comment. (n.4).  A "participant" cannot be an undercover officer; he must be someone "who is criminally responsible for the commission of the offense, but need not have been convicted."  Id., comment. (n.1).  The government has the

burden of proving by a preponderance of the evidence the existence of an aggravating role.  United States v. Glinton, 154 F.3d 1245, 1260 (11th Cir. 1998).

Here, the record shows that the district court did not clearly err in applying an aggravating-role enhancement at sentencing, under section 3B1.1(c).  Duong testified that Dang would procure crack cocaine for him whenever he needed more, sometimes up to three times per week.  Dang was a "participant" because he was criminally responsible for the conspiracy offense, even though he was not charged or convicted.  See U.S.S.G. § 3B1.1, comment. (n.1).  Although Duong testified that he did not know from whom or where Dang purchased the crack cocaine, the underlying facts indicated that Duong exercised some level of control or influence over Dang because Dang purchased crack cocaine for Duong at Duong's request and direction.  See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (explaining that under the clear error standard, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently").

For these reasons, we affirm Duong's conspiracy conviction and sentence.

AFFIRMED.

6